IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARVEY EUGENE MURPHY, JR., §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>ESSILORLUXOTTICA USA INC., §<br>LUXOTTICA OF AMERICA INC., §<br>LUXOTTICA RETAIL NORTH AMERICA §<br>INC., MACY'S, INC., KIMCO REALTY §<br>CORPORATION, THOMAS STITES, §<br>GREYSI NAYELI RODRIGUEZ §<br>BONILLA, and ANTHONY PFLEGER, §<br>§<br>*Defendants*. § | Civil Action No. _____<br>**Jury Trial Requested**<br><br>(Removed from the 125th Judicial District Court of Harris County, Texas, Cause No. 2024-03265) |

## **DEFENDANT ANTHONY PFLEGER'S NOTICE OF REMOVAL**

Defendant Anthony Pfleger files this notice of removal under 28 U.S.C. § 1446(a):

**I.
INTRODUCTION AND PROCEDURAL HISTORY**

1. On January 18, 2024, Plaintiff Harvey Eugene Murphy, Jr. ("Plaintiff"), sued Defendants EssilorLuxottica USA Inc., Luxottica of America Inc., Luxottica Retail North America Inc., Thomas Stites ("Stites"), Greysi Nayeli Rodriguez Bonilla ("Rodriguez"), Anthony Pfleger ("Pfleger") (collectively, "Defendants"), Macy's, Inc., and Kimco Realty Corporation in the 125th Judicial District Court of Harris County, Texas, Cause No. 2024-03265, for alleged malicious prosecution, false imprisonment, negligence, and gross negligence.

2. Defendants answered Plaintiff's state-court lawsuit on February 26, 2024.

3. Defendant Anthony Pfleger was served with Plaintiff's lawsuit on February 3, 2024. Mr. Pfleger files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## II.
## BASIS FOR REMOVAL

4. Removal is proper because:

    a. Plaintiff joined Defendants Thomas Stites and Greysi Nayeli Rodriguez Bonilla, both citizens of Texas, solely to defeat diversity jurisdiction. *See Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). As explained further below, there is no reasonable basis to believe that Plaintiff could recover from Mr. Stites or Ms. Rodriguez in state court. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

    b. Save for the parties that Plaintiff improperly joined, there is complete diversity between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff is a citizen of Texas. Defendant EssilorLuxottica USA Inc. is a citizen of Delaware and New York. Defendant Luxottica of America Inc., f/k/a Luxottica Retail North America Inc.,[1] is a citizen of Ohio. Defendant Macy's, Inc., though not yet served, is a citizen of Delaware and New York. Defendant Kimco Realty Corporation is a citizen of Maryland and New York. Defendant Anthony Pfleger is a citizen of Florida. Accordingly, the Court has jurisdiction over this matter under 28 U.S.C. § 1332.

5. All defendants who have been properly joined and served consent to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A); *see* <u>Exhibit A</u>.

6. Consent of Defendant Macy's, Inc., is not necessary because it has not been properly served. 28 U.S.C. § 1446(b)(2)(A).

7. Consent of Defendants Thomas Stites and Greysi Nayeli Rodriguez Bonilla is not necessary because they have not been properly joined, as discussed further below; however, they

---

[1] Although named by Plaintiff as a defendant, Luxottica Retail North America Inc. does not have legal capacity to be sued because it does not exist as a separate legal entity or corporation. Instead, Luxottica of America Inc. was formerly known as Luxottica Retail North America Inc.

2

consent to removal in any event. 28 U.S.C. § 1446(b)(2)(A).

8. The materials required by 28 U.S.C. § 1446(a) and Local Rule 81, including copies of all pleadings, process, orders, and other filings in the state-court suit, are attached to this notice.

9. Venue is proper in this District and Division because the state court where the suit has been pending is located in this District and Division.

10. Defendant Anthony Pfleger will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### III.
### DEFENDANT THOMAS STITES WAS IMPROPERLY JOINED

11. Plaintiff cannot establish causes of action for malicious prosecution, false imprisonment, negligence, or gross negligence against Defendant Thomas Stites in state court.

12. To establish a *prima facie* case of malicious prosecution against Mr. Stites under Texas law, Plaintiff must prove: "(1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff." *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). Plaintiff has made no allegation in his pleadings that would establish elements (2), (5), or (6) as to Mr. Stites.[2] Thus, even when taken as true, Plaintiff's pleadings cannot establish a cause of action for malicious prosecution against Mr. Stites in state court.

13. To establish a *prima facie* case of false imprisonment against Mr. Stites under Texas law, Plaintiff must prove: "(1) willful detention; (2) without consent; and (3) without

---

[2] Moreover, the Harris County Grand Jury returned an indictment of Plaintiff, and "[t]he return of an indictment establishes probable cause as a matter of law." *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex. Crim. App. 1980).

3

authority of law." *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). Plaintiff has made no allegations in his pleadings that would establish element (1) as to Mr. Stites. Further, because Plaintiff concedes in his pleadings that his detention was pursuant to an arrest warrant, and as reflected by Exhibit B, a certified copy of the indictment issued by the Harris County Grand Jury against Plaintiff concerning the armed robbery at issue, he will be unable to establish element (3), set forth above, as a matter of law. *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 248 (Tex. Civ. App.—Texarkana 1975, writ ref'd n.r.e.).[3] Thus, even when taken as true, Plaintiff's pleadings cannot establish a cause of action for false imprisonment against Mr. Stites in state court.

14.  To establish a *prima facie* case of ordinary negligence against Mr. Stites under Texas law, Plaintiff must establish (1) a duty; (2) a breach of that duty; and (3) that damages were proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Plaintiff has made no allegations in his pleadings that Mr. Stites owed any duty to Plaintiff that is recognized under Texas law. Plaintiff's pleadings attempt to recast his false imprisonment and malicious prosecution claims against Mr. Stites as a negligence claim, which is not permitted under Texas law. *Walgreens v. McKenzie*, 676 S.W.3d 170, 179 (Tex. App.—Houston [14th Dist.] 2023, pet. filed); *Charlie Thomas Chevrolet, LTD v. Martinez*, 590 S.W.3d 9, 16 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Further, Texas recognizes no general duty to act reasonably toward others. *THPD, Inc. v. Cont'l Imports, Inc.*, 260 S.W.3d 593 (Tex. App.—Austin 2008, no pet.). Moreover, there is no duty in Texas not to falsely accuse someone of criminal wrongdoing. *Murphy USA, Inc. v. Rose*, No. 12-15-00197-CV, 2016 WL 5800263, 2016 Tex. App. LEXIS

---

[3] In *McGregor*, the court found "detention without authority of law" to be lacking "because it is undisputed that [plaintiff] was detained as a result of a warrant issued for his arrest following his indictment by the Dallas County Grand Jury." 527 S.W.2d at 248. The court held that the defendants were entitled to a directed verdict and JNOV for plaintiff's false imprisonment claim because "there was no evidence that [plaintiff] was detained without authority of law." *Id*.

10829, at *19 (Tex. App.—Tyler Oct. 6, 2016, no pet.). Thus, even when taken as true, Plaintiff's pleadings cannot establish a cause of action for ordinary negligence against Mr. Stites in state court.

15. "Ordinary negligence is a prerequisite to a finding of gross negligence." *McKenzie*, 676 S.W.3d at 180. Thus, even when taken as true, Plaintiff's pleadings also cannot establish a cause of action for gross negligence against Mr. Stites in state court for the foregoing reasons.

16. Having "demonstrated that there is no possibility of recovery by [Plaintiff] against [Mr. Stites]" for any of the causes of action against him set forth in Plaintiff's pleadings, Mr. Pfleger has demonstrated that Mr. Stites was improperly joined as a defendant in this action, and Mr. Stites' Texas citizenship should not preclude removal of this action to a federal forum. *See Flagg*, 819 F.3d at 136.

### IV.
### DEFENDANT GREYSI NAYELI RODRIGUEZ BONILLA WAS IMPROPERLY JOINED

17. Plaintiff cannot establish causes of action for malicious prosecution, false imprisonment, negligence, or gross negligence against Defendant Greysi Nayeli Rodriguez Bonilla in state court.

18. Plaintiff has made no allegation in his pleadings that would establish malicious prosecution elements (2), (5), or (6), set forth above, as to Ms. Rodriguez.[4] *Richey*, 952 S.W.2d at 517. Thus, even when taken as true, Plaintiff's pleadings cannot establish a cause of action for malicious prosecution against Ms. Rodriguez in state court.

19. Plaintiff has made no allegation in his pleadings that would establish false imprisonment element (1), set forth above, as to Ms. Rodriguez. *Castillo*, 693 S.W.2d at 375.

---

[4] Moreover, the Harris County Grand Jury returned an indictment of Plaintiff, and "[t]he return of an indictment establishes probable cause as a matter of law." *Plumb*, 595 S.W.2d at 545.

Further, because Plaintiff concedes in his pleadings that his detention was pursuant to an arrest warrant, and as reflected by Exhibit B, a certified copy of the indictment issued by the Harris County Grand Jury against Plaintiff concerning the armed robbery at issue, he will be unable to establish element (3), set forth above, as a matter of law. *McGregor*, 527 S.W.2d at 248.[5] Thus, even when taken as true, Plaintiff's pleadings cannot establish a cause of action for false imprisonment against Ms. Rodriguez in state court.

20. Plaintiff has made no allegations in his pleadings that Ms. Rodriguez owed him any duty recognized by Texas law. *See Elwood*, 197 S.W.3d at 794 (requiring Plaintiff to establish a duty in a *prima facie* negligence case); *see also THPD*, 260 S.W.3d 593 (stating there is no general duty in Texas to act reasonably toward others); *Rose*, 2016 WL 5800263, 2016 Tex. App. LEXIS 10829, at *19 (stating there is no duty in Texas not to falsely accuse someone of criminal wrongdoing). For this reason, and because Plaintiff's pleadings impermissibly attempt to recast his false imprisonment and malicious prosecution claims against Ms. Rodriguez as a negligence claim, *McKenzie*, 676 S.W.3d at 179; *Martinez*, 590 S.W.3d at 16, even when taken as true, Plaintiff's pleadings cannot establish an ordinary negligence cause of action against Ms. Rodriguez in state court.

21. Because "[o]rdinary negligence is a prerequisite to a finding of gross negligence," *McKenzie*, 676 S.W.3d at 180, even when taken as true, Plaintiff's pleadings also cannot establish a cause of action for gross negligence against Ms. Rodriguez in state court for the foregoing reasons.

---

[5] In *McGregor*, the court found "detention without authority of law" to be lacking "because it is undisputed that [plaintiff] was detained as a result of a warrant issued for his arrest following his indictment by the Dallas County Grand Jury." 527 S.W.2d at 248. The court held that the defendants were entitled to a directed verdict and JNOV for plaintiff's false imprisonment claim because "there was no evidence that [plaintiff] was detained without authority of law." *Id*.

22. Having "demonstrated that there is no possibility of recovery by [Plaintiff] against [Ms. Rodriguez]" for any of the causes of action against her set forth in Plaintiff's pleadings, Mr. Pfleger has demonstrated that Ms. Rodriguez was improperly joined as a defendant in this action, and Ms. Rodriguez's Texas citizenship should not preclude removal of this action to a federal forum. *See Flagg*, 819 F.3d at 136.

## V.
## JURY DEMAND

23. Plaintiff demanded a jury in the state-court suit and paid a jury fee, and Defendants made a jury demand when filing their answer. Defendant Anthony Pfleger also demands a jury trial pursuant to Federal Rules of Civil Procedure 38 and 81.

## VI.
## INDEX OF MATTERS BEING FILED

24. Pursuant to 28 U.S.C. § 1446 and Local Rule 81, Defendant Anthony Pfleger attaches the following documents:

    a. Consent to removal of all defendants who have been properly joined and served (*see* Exhibit A);

    b. Certified Copy of Felony Indictment of Plaintiff, June 16, 2022 (*see* Exhibit B);[6]

    c. All executed process in the state-court lawsuit (*see* Exhibit C);

    d. Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (*see* Exhibit D);

    e. All orders signed by the state judge (none);

    f. The docket sheet (*see* Exhibit E); and

    g. A list of all counsel of record, including addresses, telephone numbers, and parties represented (*see* Exhibit F).

---

[6] In the interest of privacy, Plaintiff's address and date of birth have been redacted from the attached certified copy of the indictment.

# VII.
## CONCLUSION

25. Accordingly, Defendant Anthony Pfleger removes Cause No. 2024-03265; *Murphy v. EssilorLuxottica USA Inc. et al.*, pending in the 125th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Dated: March 4, 2024                    Respectfully submitted,

                                                            */s/ Susan L. Bickley*
Susan L. Bickley
Texas State Bar No. 02298150
Southern District of Texas Bar No. 6869
Email: susan.bickley@blankrome.com

ATTORNEY-IN-CHARGE FOR DEFENDANTS, ESSILORLUXOTTICA USA INC., LUXOTTICA OF AMERICA INC. F/K/A LUXOTTICA RETAIL NORTH AMERICA INC., THOMAS STITES, GREYSI NAYELI RODRIGUEZ BONILLA, AND ANTHONY PFLEGER

OF COUNSEL:

Robert P. Scott
Texas State Bar No. 17911800
Southern District of Texas Bar No. 3085
Email: bob.scott@blankrome.com
Neil F. Young
Texas State Bar No. 24121218
Southern District of Texas Bar No. 3635269
Email: neil.young@blankrome.com
BLANK ROME LLP
717 Texas Ave, Suite 1400
Houston, Texas 77002
Tel: (713) 228-6601
Fax: (713) 228-6605

## CERTIFICATE OF SERVICE

      I certify that on March 4, 2024, a true and correct copy of the foregoing instrument was served upon the following counsel in compliance with the Federal Rules of Civil Procedure:

Rusty Hardin
Daniel R. Dutko
Leah Graham
Ryan Higgins
RUSTY HARDIN & ASSOCIATES LLP
5 Houston Center
1400 McKinney Street, Suite 2250
Houston, Texas 77010
Tel: (713) 652-9000
rhardin@rustyhardin.com
ddutko@rustyhardin.com
lgraham@rustyhardin.com
rhiggins@rustyhardin.com

ATTORNEYS FOR PLAINTIFF,
HARVEY EUGENE MURPHY JR.

                                              */s/ Susan L. Bickley*
                                              Susan L. Bickley