**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HARVEY EUGENE MURPHY JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24−cv−00801 |
| | § | |
| ESSILORLUXOTTICA USA INC., | § | |
| LUXOTTICA OF AMERICA INC., | § | |
| LUXOTTICA RETAIL NORTH AMERICA | § | |
| INC., MACY'S, INC., KIMCO REALTY | § | |
| CORPORATION, THOMAS STITES, | § | |
| GREYSI NAYELI RODRIGUEZ | § | |
| BONILLA, and ANTHONY PFLEGER, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT KIMCO REALTY CORPORATION'S ORIGINAL ANSWER

Defendant Kimco Realty Corporation ("Defendant") by and through counsel, answers the

Original Petition of Plaintiff Harvey Eugene Murphy Jr. ("Plaintiff"), and would respectfully show

unto the Court the following:

### SPECIFIC DENIALS

1.      The first two pages and first four paragraphs of Plaintiff's Original Petition are a recital of

attorney commentary pertaining to facts of the case and are not directed to Defendant and,

therefore, do not require admission or denial. To the extent a response is necessary, Defendant

denies these paragraphs as a whole.

2.      Answering Roman numeral I. "Parties", in Plaintiff's Original Petition, Defendant admits

it is a foreign corporation that does business in Texas. With regard to the remainder of Roman

numeral I, Defendant lacks sufficient information to admit or deny the material allegations and,

therefore, denies same.

3.      Paragraph 1 under Roman numeral II. "Discovery Control Plan", in Plaintiff's Original Petition is not directed to Defendant and, therefore, no response is necessary.

4.      Paragraph 2 under Roman numeral III. "Jurisdiction and Venue" in Plaintiff's Original Petition, sets forth jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is deemed required, Defendant specifically denies the second sentence, as there is complete diversity of the parties.

5.      Answering Paragraph 3 under Roman numeral III. of Plaintiff's Original Petition, Defendant admits that the Plaintiffs are seeking the pled amount in monetary relief, but denies the basis for any such relief pled in Paragraph 3 and in the Plaintiff's Original Petition as a whole.

6.      Answering Paragraphs 4 through 6 under Roman numeral IV. "Facts", in Plaintiff's Original Petition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and, therefore, denies same.

7.      Defendant denies Paragraph 7 under Roman numeral IV. "Facts", in Plaintiff's Original Petition.

8.      Answering Paragraphs 8 through 21 under Roman numeral IV. "Facts", in Plaintiff's Original Petition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and, therefore, denies same.

9.      Defendant denies Paragraph 22 under Roman numeral V. "Causes of Action", in Plaintiff's Original Petition.

10.     Defendant denies Paragraph 23 under Roman numeral V. "Causes of Action", in Plaintiff's Original Petition.

11.     To the extent a response is deemed required, Defendant neither admits nor denies the allegations contained in Paragraphs 24 through 25 for lack of sufficient knowledge or information and therefore denies same and leaves Plaintiff to his proofs.

12.     Defendant denies Paragraph 26 under Roman numeral V. "Causes of Action", in Plaintiff's Original Petition.

13.     Defendant denies Paragraph 27 under Roman numeral V. "Causes of Action", in Plaintiff's Original Petition. Defendant specifically denies that Plaintiff is entitled to recover exemplary damages, because no cause of action has been pled to justify that type of award.

14.     Answering Paragraphs 28 through 31 under Roman numeral VI. "Damages", in Plaintiff's Original Petition, the allegations contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to his proof.

15.     Defendant admits to Paragraph 32 under Roman numeral VII. "Jury Demand", in Plaintiff's Original Petition, stating Defendant demands that a jury be empaneled to try this matter.

16.     Answering Roman numeral VIII. "Prayer" of the Plaintiff's Original Petition, Defendant denies that Plaintiff is entitled to recover from the Defendant any of the elements listed and requests Plaintiff meet his burden of proof. Defendant specifically denies that Plaintiff is entitled to recover exemplary damages, because no cause of action has been pled to justify that type of award.

17.     Further answering the allegations of the Petition, Defendant denies all other allegations therein not specifically admitted.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Defendant alleges and states as follows:

18.     Defendant would show that Plaintiff's malicious prosecution claim fails because Defendant did not "procure or initiate" Plaintiff's prosecution as a matter of law.

19.     Defendants specifically plead the Texas law presumption that they acted reasonably, in good faith, without malice and with probable cause in connection with any alleged conduct at issue.

20.     Defendants affirmatively plead that Plaintiff's arrest and incarceration were pursuant to a lawfully-issued warrant and, therefore, Plaintiff was not imprisoned "without authority of law" as required to maintain a claim of false imprisonment.

21.     Defendants further would show that based on his June 16, 2022 indictment, Plaintiff's arrest and incarceration were pursuant to the actions of a duly and lawfully organized Grand Jury of Harris County, Texas and, therefore, Plaintiff was not imprisoned "without authority of law" as required to maintain a claim of false imprisonment.

22.     Defendants further would show that based on the indictment described in the preceding paragraph, probable cause for Plaintiff's prosecution has been established as a matter of law.

23.     Defendants would show that Plaintiff's false imprisonment claim fails as a matter of law because Defendants did not "willfully detain" Plaintiff as required by Texas law.

24.     Defendants affirmatively plead that Plaintiff's claims are barred by the independent intermediary doctrine.

25.     Defendants would show that based on Plaintiff's Original Petition, Plaintiff's alleged damages were caused in whole or in part by the criminal conduct of unnamed parties, which

constitutes a superseding cause that was not a foreseeable result of any claimed act or omission on the part of Defendants.

26.     Pleading further, alternatively, and by way of affirmative defense, Defendant would show that, at the time and on the occasion in question, others beyond Defendant's control failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was, alternatively, a proximate cause or a producing cause or the sole proximate cause or the sole producing cause of the incident in question and any alleged injuries and damages stemming therefrom.

27.     Pleading further, alternatively, and by way of affirmative defense, Defendant would show, in the unlikely event that any liability be found on its part, such liability should be reduced by the percentage of causation found to have resulted from the acts or omissions of any persons or third parties over whom Defendant has no control and for whom Defendant is not responsible.

28.     Pleading further, alternatively, and by way of affirmative defense, Defendant contends that any claims for medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

29.     Pleading further, alternatively, and by way of affirmative defense, Defendant would show that, pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of a pecuniary value, Plaintiff must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

30.     Pleading further, alternatively, and by way of affirmative defense, Defendant pleads under Chapter 41 of the Civil Practice & Remedies Code that Plaintiff is unable to prove by clear and

convincing evidence that the harm for which Plaintiff seek recovery of exemplary damages resulted from fraud, malice, or gross negligence. Further, in the alternative and without waiving any of the foregoing, Defendant pleads that Plaintiff is unable to prove by clear and convincing evidence that the harm for which Plaintiff seeks recovery of exemplary damages resulted from a willful act or omission or gross neglect.

31.     Pleading further, alternatively, and by way of affirmative defense, Defendant pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant equal protection of the law under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments. Defendant pleads that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

32.     Pleading further, alternatively, and by way of affirmative defense, Defendant would show that the imposition of punitive damages sought by Plaintiff violates Defendant's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection under Article 1, Sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, Section 13 of the Texas Constitution, in that:

      a.     Texas law and the Texas punitive-damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide

a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive-damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

b.      Defendant had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

c.      Under Texas law and the Texas punitive-damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

d.      Under Texas law and the Texas punitive-damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

e.      No provision of Texas law or the Texas punitive-damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S.1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976), for the imposition of a punitive award.

7

f.      Texas law and the Texas punitive-damage scheme do not provide for adequate post-trial review of punitive-damage awards or the amount thereof, and do not provide objective standards for such review.

g.      Texas law and the Texas punitive-damage scheme do not provide for adequate appellate review of punitive-damage awards or the amount thereof, and do not provide objective standards for such review.  Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, Section 6 of the Texas Constitution and Section 22.225 of the Texas Government Code.

h.      In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive-damage scheme, including Sections 41.001 through 41.013 of the Texas Civil Practice and Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

i.      Under Texas law and the Texas punitive-damage scheme, there is no limit on the number of times Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

33.     Pleading further, alternatively, and by way of affirmative defense, Defendant would show that the net effect of Texas's punitive-damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on the defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest.  As a result, the federal and state constitutional mandates for equal protection (U.S. Const. Amend 14; Texas

Const. Art. 1, § 3) are violated. Insofar as the lodestone of the Texas punitive-damage system is in the depth of the defendant's pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal-protection mandates.

34.     Pleading further, alternatively, and by way of affirmative defense, Defendant would show that by virtue of Section 41.008 of the Texas Civil Practice and Remedies Code, any award of punitive damages is subject to the cap specified in that section and any award in excess of that cap must be reduced accordingly.

35.     Pleading further, alternatively, and by way of affirmative defense, Defendant pleads that § 41.005 of the Texas Civil Practice & Remedies Code bars Plaintiff's claim for punitive damages.

36.     Pleading further, alternatively, and by way of affirmative defense, Defendant invokes all rights and limitations found in Chapter 41 of the Texas Civil Practice and Remedies Code, including the limitations on damage awards.

37.     Pleading further, alternatively, and by way of affirmative defense, in the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

38.     Defendant reserves the right to amend and/or supplement this Answer at any future time and in conformity with the Federal Rules of Civil Procedure and any prior orders of this Court.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Kimco Realty Corporation prays Plaintiff take nothing by reason of this suit, and that Defendant be discharged and go hence

without, and for such other and further relief, both general and special, at law and in equity, to which they may show itself justly entitled.

Respectfully submitted,

*/s/ Patrick J. Stoia*
**DARRELL L. BARGER**
Texas State Bar No. 01733800
Federal ID 7025885
dbarger@hartlinebarger.com
**PATRICK J. STOIA**
Texas State Bar No. 24085054
Federal ID 2507563
pstoia@hartlinebarger.com
**HARTLINE BARGER L.L.P.**
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: (713) 759-1990
Facsimile: (713) 652-2419

**ATTORNEYS FOR DEFENDANT**
**KIMCO REALTY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March 2024, the foregoing Defendant's Answer was served via the electronic filing service to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Patrick J. Stoia*
**PATRICK J. STOIA**