IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVEY EUGENE MURPHY, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-00801 |
| | § | |
| ESSILORLUXOTTICA USA INC., *et al* | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' MOTION TO REMAND

Plaintiff Harvey Eugene Murphy, Jr. ("Murphy") files this Motion to Remand in response to the Notice of Removal filed by Defendant Anthony Pfleger.

## I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff understands this Court will decide whether Plaintiff's Petition properly pleads causes of action against Greysi Nayeli Rodriguez Bonilla ("Rodriguez")[1] and Thomas Stites ("Stites"). However, it must be noted that Plaintiff sued these Defendants, especially Rodriguez, because they committed improper acts that caused, in part, the incarceration of Murphy. They were not added for jurisdiction, but because their actions caused harm to Murphy.

That being said, as much as Plaintiff would like to pursue causes of action against Stites for his failure to tell the police that Murphy was not the armed robber, Plaintiff

---

[1] Defendant's Notice of Removal refers to this Defendant as "Rodriguez" so this Motion will refer to her in the same manner. However, in Plaintiff's Petition, she is referred to as "Bonilla."

recognizes that establishing a duty owed by Stites is unlikely in this case. Therefore, this Motion will only address Plaintiff's claims against Rodriguez.

Plaintiff's causes of action against Rodriguez are valid and properly pleaded, especially when viewed in the light most favorable to Murphy. Before this Court considers whether Rodriguez was properly joined, it must first determine whether this case was properly removed. In Defendant's Notice of Removal, the basis of jurisdiction is defective because it is not properly alleged. Jurisdiction must be alleged affirmatively and distinctly and should not be determined by inference. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Defendant's Notice "must contain averments of fact showing removability." Here, Defendant's Notice simply lists elements of causes of action without any no analysis or averments and is thus defective.

Setting aside Defendant's defective Notice, Plaintiff's Petition sets forth valid claims against Rodriguez. There is more than a reasonable basis for this Court to predict that Plaintiff might be able to recover against Rodriguez.  In this case, there is not complete diversity of citizenship of the parties and this Court lacks subject matter jurisdiction. Accordingly, Plaintiff's Motion to Remand should be granted.

## II.    <u>STATEMENT OF THE ISSUES</u>

**1.    Whether Defendant's Notice of Removal is defective.** The standard of review for this determination is as follows: "When considering a motion to remand the removing party bears the burden of showing that removal was proper. *Cuellar v. Crown Life Ins. Co.*, 116 F. Supp. 2d 821, 825 (S.D. Tex. 2000). "This extends not only to

demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation–Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981).

      **2.**    **Whether Rodriguez was properly joined**. The standard of review is set forth in *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004). In this case, the Fifth Circuit likened this inquiry to the standard of review for evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b) (6). *Id*. In other words, the court considers the allegations of the complaint to determine whether the plaintiff states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Ordinarily, no improper joinder exists if a plaintiff survives this Rule 12(b)(6)-type analysis. *Id*.

## III.   <u>BACKGROUND</u>

      On January 22, 2022, the Sunglass Hut on West Gray in Houston, Texas was robbed by a violent criminal who threatened the employees with a gun and stole thousands of dollars. At the exact time of the robbery, Harvey Eugene Murphy Jr. (a 61-year-old grandfather who goes by "Murphy") was in Sacramento California, 2,000 miles from Houston.

      While the Houston Police Department ("HPD") was investigating the Sunglass Hut robbery, it received a call from Anthony Pfleger, the head of loss prevention for EssilorLuxottica—the parent company of Sunglass Hut (all Sunglass Hut entities will be referred to as "Sunglass Hut"). Pfleger told HPD they could stop their investigation because he found the perpetrator of the robbery. He stated that he worked in conjunction with Macy's

loss prevention department to determine that the person who violently robbed the Sunglass Hut was Murphy. Using artificial intelligence and facial recognition software, Sunglass Hut and Macy's took the video from the robbery and incorrectly determined that Murphy was the robber of the Sunglass Hut who had also previously robbed a Macy's.

Based on this positive (albeit false) representation that Murphy was a violent criminal who robbed the Sunglass Hut and a Macy's, HPD turned its focus to Murphy. HPD visited the Sunglass Hut and asked to conduct a photo lineup with Sunglass Hut employees working at the time of the robbery, Stites and Rodriguez. Stites did not participate in the lineup and did not talk to HPD. Instead, he chose to be silent about the fact that Murphy was not the robber. Rodriguez did participate in the photo lineup but chose not to tell HPD that she was already prepped by Sunglass Hut to identify Murphy as the robber. As planned, Rodriguez positively identified Murphy as the armed robber who threatened her life. During the photo lineup, Rodriguez knowingly made false representations about Murphy, including that he robbed the Sunglass Hut and pointed a gun at her. Based on this photo lineup, HPD issued an arrest warrant for Murphy, falsely identifying him as a violent criminal who robbed the Sunglass Hut and a Macy's.

After Murphy moved back to Texas, while attempting to get his driver's license renewed, he was arrested.  He was put into an overcrowded maximum-security jail with violent criminals. While in jail trying to prove his innocence, he was beaten, gang-raped, and left with permanent and awful life-long injuries. Hours after being beaten and gang-raped, the charges against him were dropped and he was released because he is innocent of the crimes

of which he was accused by Rodriguez and the other Defendants.

## IV.   <u>DEFENDANT'S NOTICE OF REMOVAL IS DEFECTIVE</u>

A court may remand a case based on any procedural defect identified in a motion for remand filed within 30 days after the filing of the notice of removal under 28 U.S.C. § 1446(a). *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1213 n. 64 (11th Cir. 2007).

The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference. *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F. 2d 633, 636 n. 2 (5th Cir. 1983); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Removal based on Section 1446 of Title 28, U.S.C., "must contain averments of fact showing removability." *Couch v. White Motor Co*., 290 F. Supp. 697, 699 (W.D. Mo. 1968); *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co*., 486 F. Supp. 769, 773 (E.D. Ky. 1980) ("the facts giving rise to federal jurisdiction must be strictly construed and alleged with particularity."). The statutes providing for removal are given strict construction in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214

The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).  Meeting this burden is especially stringent when the removing party is claiming improper joinder. "The party seeking removal bears a heavy burden of proving

that the joinder of the in-state defendant was improper." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004).

Instead of trying to meet its stringent burden to prove improper joinder, Defendant filed what amounts to a state court no-evidence motion for summary judgment. Dkt. #1, ¶ 5. For example, in response to Plaintiff's allegations of malicious prosecution against Rodriguez, Defendant made the following argument:

> Plaintiff has made no allegation in his pleadings that would establish malicious prosecution elements (2), (5), or (6), set forth above, as to Ms. Rodriguez.[4] *Richey,* 952 S.W.2d at 517. Thus, even when taken as true, Plaintiff's pleadings cannot establish a cause of action for malicious prosecution against Ms. Rodriguez in state court.

Dkt. #1, ¶ 5.

Defendant's argument contains no averments of fact showing removability, contains no analysis, cites to no substantive authority as it only cites to page 517 of *Richey*, which simply lays out the elements of malicious prosecution. *Id.* Defendant includes a footnote about the indictment and cites a criminal case that does not even mention malicious prosecution. *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex. Crim. App. 1980). Notably, Defendant fails to address that an indictment does not insulate Rodriguez from liability for malicious prosecution. *See Hand v. Gary*, 838 F.2d 1420, 1426 (5th Cir. 1988); *French v. French*, 385 S.W.3d 61, 70 (Tex. App.—Waco 2012, pet. denied).

Likewise, Defendant's contentions regarding element 1 of Plaintiff's false imprisonment claim against Rodriguez do not contain any analysis, averments, or arguments. Dkt. #1, ¶ 19. Again, Defendant cites one case that only contains the elements

of false imprisonment. *Id*. Defendant does not include any averments of facts showing removability and provides no analysis of the element of willful detention.

Because of its defective pleading, it is difficult, if not impossible, for Plaintiff to address the "arguments" raised by Defendant as to the claims of malicious prosecution and false imprisonment against Rodriguez. For example, in responding to element 2 of malicious prosecution ("the defendant initiated or procured the prosecution"), is plaintiff required to address when the decision to prosecute is left to the discretion of another? This is not part of element 2 but is an argument that can be raised by a defendant in response to a plaintiff's claim that the defendant initiated the prosecution. *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003). This issue is not addressed anywhere in Defendant's Notice.

Defendant is asking this Court to ignore the law and create a new standard for removal that allows defendants across this country to remove a case by simply claiming that the plaintiff cannot meet certain elements, without an averment of facts showing removability, without any arguments, and without any analysis of the plaintiff's pleadings.

Because the basis of jurisdiction is not alleged affirmatively and distinctly and can only be determined by inference, Defendant's Notice is defective and Plaintiff's Motion to Remand should be granted. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F. 2d 633, 636 n. 2 (5th Cir. 1983).

## V.   <u>DEFENDANT'S HEAVY BURDEN</u>

When an action is removed from state court, the removing party bears the burden of proving that federal jurisdiction exists. *Shearer v. Southwest Service Life Ins. Co*., 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir. 2005). The removing party bears a "heavy burden" to demonstrate that federal subject matter jurisdiction is proper due to the improper joinder of a defendant. *Dobson v. Spriada Maritime Corp*., 951 F.2d 40, 42 (5th Cir. 1992); *B., Inc. v. Miller Brewing Co*., 663 F.2d 545, 549 (5th Cir. 1981) **("[t]he burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."** (emphasis added)); *see also Smallwood*, 385 F.3d at 574 ("The party seeking removal bears a heavy burden of proving that the joinder of the instate party was improper.").

In general, the information supporting removal in a pleading, motion, order, or other paper must be "unequivocal." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). Accordingly, a claim of improper joinder must be asserted with particularity and supported by clear and convincing evidence. *Grassi v. Ciba-Geigy, Ltd,* 894 F.2d 181, 186 (5th Cir. 1990). Indeed, a claim of improper joinder must be "pleaded with particularity," supported by "clear and convincing evidence," and proven with "certainty." *Parks v. New Times Co*., 308 F.2d 474, 478 (5th Cir. 1962). This means that the "[r]emoving party must prove that there is **absolutely no possibility** that the plaintiff will be able to establish a cause of action against an in-state defendant in state court." *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988), aff'd, 503 U.S. 131 (1992) (emphasis added).

That there is no possibility of recovery by the plaintiff must be "obvious" under state law. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). These rules exist because courts construe removal strictly and restrictively to limit federal jurisdiction and preserve the integrity of the state courts. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). Any doubt about the propriety of removal is to be resolved against removal and in favor of remand. *Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978).

Additionally, in deciding the question of improper joinder, a removing defendant's heavy burden is further enhanced because all inferences tilt in the plaintiff's favor: "[A]ll disputed questions of fact and all ambiguities in state law must be resolved in favor of the plaintiffs." *Grey v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); see also *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (noting that "[i]f there is arguably a basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.").

This Court, therefore, must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing parties, the Plaintiff. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). This Court is not to decide whether Plaintiff will, or even probably, prevail on the merits against Rodriguez, but must look instead only to the possibility that the Plaintiff may do so:

> It is important to define the Court's task in determining the remand issue. The question is not whether Plaintiffs will eventually prevail against Bridgestone; nor is the question whether Plaintiffs are even likely to recover against Bridgestone. Rather, the only question that the remand issue poses to the Court is whether the removing Defendants have

> established that there is no possibility that Plaintiffs would be
> able to establish a cause of action against Bridgestone, Del Rio,
> or Smithers in a Texas court.

*Bellorin v. Bridgestone/Firestone, Inc*., 236 F.Supp.2d 670, 677 (W.D. Tex. 2001).

If the possibility of establishing a cause of action exists against Rodriguez, then a "good faith assertion of such expectancy in state court is not a sham … and is not fraudulent in fact or law." *B., Inc.,* 663 F.2d at 550.

## VI.   DEFENDANT FAILED TO MEET ITS BURDEN

### A.   Malicious Prosecution

The elements of malicious criminal prosecution are 1) a criminal prosecution was commenced against Plaintiffs; 2) the defendant initiated or procured the prosecution; 3) the prosecution was terminated in Plaintiffs' favor; 4) Plaintiffs were innocent of the charge; 5) the defendant did not have probable cause to initiate or procure the prosecution; 6) the defendant acted with malice; and 7) the Plaintiffs suffered damages as a result of the prosecution. *Kroger Tex. L.P. v. Sueberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006).

Without analysis or argument, Defendant only addresses elements 2, 5, and 6. Dkt. #1, ¶¶ 3 &5. Plaintiff will, likewise, only address these elements.

### 1.   Rodriguez initiated or procured the prosecution.

A defendant "procures" a criminal prosecution if his actions were enough to cause the prosecution and if the prosecution would not have occurred but for his actions. *Browning-Farris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994). This element is the only element that addresses causation in a malicious prosecution claim. *Id*.

A defendant procures a criminal prosecution if she either (1) provides false information to law enforcement officials that result in the prosecution or (2) procured the prosecution by some other conduct. *Id*. at 294. Thus, a defendant is responsible for the prosecution if the defendant's conduct was the determining factor in the prosecutor's decision to prosecute. *Id*.

Plaintiff's Petition alleges that Rodriguez provided false information to law enforcement when she falsely represented that Murphy robbed the Sunglass Hut. (Ex. 1, Plaintiff's Original Petition, ¶¶ 9 & 25). As a result of Rodriguez's false statements, Murphy was arrested and prosecuted for a crime he did not—and could not—commit. *Id*. This is enough to meet element 2 of Plaintiff's malicious prosecution claim. This should be the end of the analysis as to this element, but because of the defects in Defendant's Notice, Plaintiff is forced to address additional arguments out of an abundance of caution.

Even though it was not raised by Defendant, Plaintiff will address the exception of when the decision to prosecute is left to the discretion of another. *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003)(per curiam). In Texas, when the decision to prosecute is left to the discretion of another, such as a law enforcement official or a grand jury, a defendant does not procure a criminal prosecution. *Id*. However, this exception does not apply if the defendant knowingly provided false, material information and the false information caused a criminal prosecution. *Id*.

In this case, Rodriguez knew that Murphy did not rob the Sunglass Hut when she met with the police. (Ex. 1, ¶¶ 9 & 25). Before she met with the police, Rodriguez was

persuaded by Sunglass Hut's loss prevention to identify Murphy even though he was not the robber. *Id*. She then knowingly made a false statement to police by "informing the police that Murphy was a dangerous criminal even though he was innocent." (Ex. 1, ¶ 25). Plaintiff's pleadings establish that Rodriguez knowingly made false statements, especially because the Court should "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308 (5th Cir. 2005).

In addition to making false statements to police, Rodriguez also withheld critical material information when talking to the police. For example, she withheld the fact that she was prepped and primed by Sunglass Hut to identify Murphy as the robber. (Ex. 1, ¶¶ 9 & 25). Rodriguez also withheld the fact that she was relying on "error prone facial recognition software and old photographs of Murphy." As the Texas Supreme Court explained, "failing to fully and fairly disclose all material information and knowingly providing false information" to law enforcement is relevant to establish the "causation elements of a malicious prosecution claim." *Richey v. Brookshire Grocery Co*., 952 S.W.2d 515, 519 (Tex. 1997). Plaintiff's Petition, thus, clearly establishes element 2 of his malicious prosecution claim. (Ex. 1, ¶¶ 9 & 25).

### 2. Rodriguez did not have probable cause to initiate or procure the prosecution.

There is an initial presumption in malicious prosecution actions that the defendant acted reasonably and in good faith and had probable cause to initiate the proceedings. *Richey v. Brookshire Grocery Co*., 952 S.W.2d 515, 517–18 (Tex. 1997). That presumption

disappears once a plaintiff alleges that the motives, grounds, beliefs, and other evidence upon which the defendant acted did not constitute probable cause. *Id.*

As a matter of law, probable cause does not exist "if the charging party knowingly makes false statements" to authorities or police "or withholds material facts." *Kjellvander v. Citicorp,* 156 F.R.D. 138, 144 (S.D. Tex. 1994) ("Thus, a private citizen may be held liable for malicious prosecution when he relays information known to him to be false and the official's decision to commence the prosecution was based upon this false information."); *Smith v. Smith*, 1999 WL 378214, at *4 (N.D. Tex. May 27, 1999), aff'd, 211 F.3d 594 (5th Cir. 2000) ("Probable cause does not exist if the defendant knowingly makes false statements to the prosecuting authority or withholds material facts.").

In this case, Rodriguez made false statements to the police. As set forth in more detail above, Rodriguez knowingly made a false statement to police by "informing the police that Murphy was a dangerous criminal even though he was innocent." (Ex. 1, ¶ 25). Rodriguez knew that Murphy did not rob the Sunglass Hut when she met with the police, but she still told police he was the robber. (Ex. 1, ¶¶ 9 & 25).

More than that, Rodriguez withheld material facts when she spoke to the police, including that she was prepped and primed by Sunglass Hut to identify Murphy as the robber. (Ex. 1, ¶¶ 9 & 25). Undoubtedly, Defendant will argue that the "failure to fully and fairly disclose all relevant facts to the police" have "no bearing on probable cause." *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 519 (Tex. 1997). While this is true, it is also true that withholding material facts overcomes any presumption in favor of a defendant

and establishes the lack of probable cause: "Probable cause does not exist if the defendant knowingly made false statements to the prosecuting attorney or withheld material facts." *Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859, 878 (Tex. App.—Texarkana 1994, no writ); *see also Smith v. Smith*, 1999 WL 378214, at *4 (N.D. Tex. May 27, 1999), aff'd, 211 F.3d 594 (5th Cir. 2000) ("Probable cause does not exist if the defendant knowingly makes false statements to the prosecuting authority or withholds material facts."); *Compton v. Calabria*, 811 S.W.2d 945, 950 (Tex. App.—Dallas 1991, no writ) ("Thus, if the party causing the complaint to be filed does not act in good faith in disclosing to the prosecuting attorney all material facts known to the party, probable cause does not exist.").

While the Texas Supreme Court in *Richey* made it clear that the "failure to fully disclose all relevant facts to the officer" does not negate probable cause, this is vastly different than "withholding material facts." Texas law is clear that withholding material facts is the equivalent of making a false statement. *See* Tex. Ins. Code Ann. § 541.061(2) ("failing to state a material fact necessary" is identified as a "deceptive act"); *Ashby v. State*, 604 S.W.2d 897, 900 (Tex. Crim. App. 1979) (quoting approvingly a treatise comment that "The definition [of 'deception'] focuses on the most frequent form of deception, a false 'impression' intentionally created, rather than any particular misrepresentation. Thus, an actor may deceive by disclosing selected truths and omitting others, without a single lie").

14

Finally, the presumption of probable cause does not exist if Plaintiff's Petition pleads that Rodriguez had improper motives, grounds, or beliefs when she met with police. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517–18 (Tex. 1997). Plaintiff's Petition asserts that when Rodriguez met with the police, she had improper motives, grounds, and beliefs regarding Murphy. (Ex. 1, ¶ 9). She met with Sunglass Hut's loss prevention group, including Anthony Pfleger, before she met with the police. (Ex. 1, ¶¶ 9 & 25). As a result, she believed Murphy was a dangerous criminal who also robbed Macy's and other Sunglass Hut stores. (Ex. 1, ¶ 8). As a result, she told police, as she was prepped to do, that Murphy was the armed robber even though she knew he was not the robber. (Ex. 1, ¶¶ 9 & 25). Rodriguez knew that Murphy was identified by Sunglass Hut as the robber based on facial recognition software that had a high rate of error. *Id*.

Any subsequent probable-cause determinations of the investigating officer and the judge who issued the arrest warrant are irrelevant to whether Rodriguez had probable cause because of her false statements and her withholding of material facts. *Akin v. Dahl*, 661 S.W.2d 917, 920 (Tex.1983); *Digby v. Tex. Bank*, 943 S.W.2d 914, 920–21 (Tex.App.-El Paso 1997, writ denied). Plaintiff's Petition, thus, establishes element 5 of his malicious prosecution claim. (Ex. 1, ¶¶ 9 & 25).

### 3. Rodriguez acted with malice.

Malicious prosecution requires, among other elements, a showing that the defendant acted with malice. *See James v. Brown*, 637 S.W.2d 914, 918 (Tex.1982). "Malice is generally defined as ill will, evil motive, gross indifference, or reckless disregard of the

rights of others." *Thrift v. Hubbard*, 974 S.W.2d 70, 80 (Tex. App.—San Antonio 1998, pet. denied). "Under Texas law, malice may be inferred from the lack of probable cause or from a finding that the defendant acted in reckless disregard of the other person's rights." *Hayter v. City of Mount Vernon*, 154 F.3d 269, 275 (5th Cir. 1998). "To establish malice, it is not necessary to prove that the defendant acted with personal spite or ill will; it is sufficient to show the defendant committed wrongful acts in reckless disregard of another's rights and with indifference as to whether the party would be injured." *Ellis County State Bank v. Keever*, 870 S.W.2d 63, 69 (Tex.App.—Dallas 1992), aff'd in part and rev'd in part on other grounds, 888 S.W.2d 790 (Tex.1994).

The element of malice may be inferred from a lack of probable cause. *See Fisher v. Beach*, 671 S.W.2d 63, 67 (Tex.App.—Dallas 1984, no writ). As set forth above, Rodriguez lacked probable cause when she knowingly and falsely identified Murphy as the armed robber. (Ex. 1, ¶¶ 9 & 25).

Additionally, "tendering false information, or deliberately concealing or deliberately failing to disclose exculpatory information, can give rise to an inference that the defendant acted with malice in initiating or maintaining a prosecution." *Lewis v. Cont'l Airlines, Inc.*, 80 F. Supp. 2d 686, 700 (S.D. Tex. 1999); *Martin v. Thomas*, 973 F.2d 449, 457 (5th Cir.1992); Sanders v. English, 950 F.2d 1152, 1163 (5th Cir.1992); *Wheeler v. Cosden Oil & Chem. Co.*, 734 F.2d 254, 260 (5th Cir.1984); *Richey*, 952 S.W.2d at 519.

There is no dispute that Plaintiff's Petition alleges that Rodriguez failed to disclose exculpatory information to the police. (Ex. 1, ¶¶ 9 & 25). This includes the fact that

Rodriguez was prepped by Sunglass Hut to identify Murphy and the fact that she believed he was a dangerous criminal who robbed other Sunglass Huts and Macy's. *Id*.

In construing the pleadings and evidence in the light most favorable to the plaintiff, there is more than enough in Plaintiff's Petition to establish malice. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992).

### B.    False Imprisonment

The elements of a false imprisonment claim in Texas are: 1) willful detention; 2) without consent; and 3) without authority of law. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). The only elements mentioned in the Notice of Removal and 1 and 3. Plaintiff will only address these elements.

### 1.    Plaintiff's Petition pleads willful detention as to Rodriguez.

Without any analysis, Defendant claims that Plaintiff failed to properly plead element 1: willful detention. To support this conclusory allegation, Defendant cites *Castillo*, a case that relates solely to the submission of a jury instruction and contains no analysis regarding the proper pleading of willful detention. *Id*. Again, because of Defendant's defective Notice, Plaintiff is left to guess as to Defendant's argument regarding this element.

The element of willful detention is sometimes referred to as "instigation" of false imprisonment and requires that the Defendant clearly directed or requested an officer to carry out the arrest. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 507 (Tex. 2002). This element can be established in one of two ways: (1) if Rodriguez "clearly directed or

requested the arrest" of Murphy or (2) Rodriguez knowingly provided "false information to law enforcement authorities resulting in the arrest." *See Moon v. Olivarez*, 26 F.4th 220, 226 (5th Cir. 2022). Willful detention can be met "even without participating in the detention'" *Evans v. Miley*, 2023 WL 8295995, at *8 (E.D. Tex. Sept. 22, 2023) (quoting *Alsheikh v. Dyab*, 2010 WL 1380978, at *3 (Tex. App.—Amarillo Apr. 7, 2010, no pet.)).

> ### a.   Rodriguez's actions directed or requested the arrest of Murphy.

To find that Rodriguez directed or requested the arrest of Murphy only requires that Plaintiff's Petition allege that Rodriguez intended to cause Murphy's arrest with her actions. "[A]ny conduct that was intended to cause the detention of another, and in fact caused the detention, may satisfy the first element of the false-imprisonment claim." *Davis v. Prosperity Bank*, 383 S.W.3d 795, 800 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

To put Rodriguez's actions into context, it must be noted that Sunglass Hut told HPD that Murphy was the armed robber they were looking for who also previously robbed Macy's. (Ex. 1, ¶ 8). It was under these circumstances that HPD visited the Sunglass Hut for a photo lineup. (Ex. 1, ¶ 9). In reading the Petition in the light most favorable to Plaintiff, Rodriguez knew that HPD was going to arrest Murphy if she identified him as the robber. (Ex. 1, ¶¶ 8-10). Rodriguez positively identifying Murphy in the photo lineup after Sunglass Hut told HPD that Murphy was a dangerous serial robber was akin to Rodriguez telling the police to "arrest that man." Plaintiff alleges that Rodriguez's conduct was intended to cause Murphy's detention. This establishes the willful detention element of Plaintiff's false imprisonment claim.

### b. Rodriguez knowingly provided false information to law enforcement authorities resulting in the arrest.

Plaintiff's Petition alleges that Rodriguez provided false information to law enforcement officials when she told the police that Murphy robbed the Sunglass Hut. (Ex. 1, ¶¶ 9 & 25). As a result of Rodriguez's false statements, Murphy was arrested for robbing the Sunglass Hut. *Id*. This is sufficient to satisfy the element of willful detention.

It is true that Texas law holds that "a simple mistake in identification would not make a reporting party liable" for false imprisonment. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 508–09 (Tex. 2002). However, this does not apply "if a person should willfully identify the wrong man as being the criminal, for the purpose of having him arrested." *Rodriguez*, 92 S.W.3d at 509 (quoting *Schnaufer v. Price*, 124 S.W.2d 940, 942 (Tex. App.—Texarkana 1939, writ ref'd)). Such is the case here.

In this case, Rodriguez knew that she was prepped and encouraged to identify Murphy, she knew he was not the robber, and she knew that she was the only one participating in the photo lineup. (Ex. 1, ¶¶ 9 & 25). Reading the Petition in the light most favorable to Plaintiff and in favor of remand, Rodriguez's "willfully" identified "the wrong man as being the criminal." *Rodriguez*, 92 S.W.3d at 509.

### 2. Defendant did not meet his burden to prove the validity of the arrest warrant.

Defendant argues that the issuance of an arrest warrant bars Plaintiff's false imprisonment claim. To support this argument, Defendant relies solely on *McGregor*. *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 248 (Tex. App.—Texarkana 1975, writ ref'd

n.r.e.). In *McGregor*, the court was determining whether it should reverse a jury verdict. *Id*. In doing so, the court noted that the burden of proof was on the plaintiff to prove his false imprisonment claim. *Id*. This included proving that the arrest warrant was invalid. *Id*.

In this case, Defendant has the burden of proof. In fact, the Fifth Circuit noted that his burden is a "heavy burden". *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004). This means that Defendant was required to prove that the warrant in this case was valid. While there is a presumption that an arrest is made with valid legal authority, this presumption is applied in cases in which the Plaintiff must meet the burden of proof. *See McGregor. Tandy Corp. v. McGregor*, 527 S.W.2d 246, 248 (Tex. App.—Texarkana 1975, writ ref'd n.r.e.); *Campbell v. Home Depot U.S.A., Inc*., 2014 WL 12531344, at *3 (S.D. Tex. May 23, 2014).

Defendant failed to meet his burden of proving the arrest warrant was valid. In fact, Defendant's Notice of Removal did not even address the validity of the warrant. The words "valid" and "validity" do not appear anywhere in the Notice.

Because Defendant's Notice did not even address the validity of the warrant, Defendant did not meet his burden regarding this element of false imprisonment.

## VII.   <u>CONCLUSION</u>

The Notice of Removal is defective and fails to satisfy Defendant's heavy burden to prove "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Rodriguez. Because Rodriguez is a proper party, remand is required. Therefore, Plaintiff prays this Court grant this Motion to Remand.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES LLP**

By: */s/ Daniel R. Dutko*
 Russell Hardin, Jr.
  State Bar No. 08972800
  Federal I.D. No. 19424
  rhardin@rustyhardin.com
 Daniel R. Dutko
  State Bar No. 24054206
  Federal I.D. No. 753525
  ddutko@rustyhardin.com
 Leah Graham
  State Bar No. 24073454
  Federal I.D. No. 2492848
  lgraham@rustyhardin.com
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel has conferred with counsel regarding the relief requested in this Motion to Remand.  Also, the parties attended a Pre-Motion Conference on April 18, 2024, regarding the relief requested in this motion.

  */s/ Daniel Dutko*
  Daniel R. Dutko

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, the foregoing instrument was served on all counsel of record via the Court's electronic service system, pursuant to the Federal Rules of Civil Procedure.

  */s/ Daniel Dutko*
  Daniel R. Dutko

21