IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVEY EUGENE MURPHY, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-00801 |
| ESSILORLUXOTTICA USA INC., *et al* | § § § | |
| Defendant. | § § | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff Harvey Eugene Murphy, Jr. ("Murphy") files this Reply to the Response in Opposition to Plaintiff's Motion to Remand.

**I.  Summary**

In addressing Plaintiff's malicious prosecution claim against Rodriguez, Defendant ignores the plain language of the Petition, refuses to address Rodriguez's failure to disclose critical material information to the police, attempts to shift the burden to Plaintiff, and applies the wrong pleading standard.

**II.  Defendant's Failure to Address the Withholding of Material Information**

It is not an exaggeration to say that the entire basis for Defendant's Response as to Plaintiff's malicious prosecution claim against Rodriguez is the assertion that Plaintiff's Petition does not allege Rodriguez made a false statement to police. As set forth below, this is not true. More importantly, Defendant did not address the allegations in Plaintiff's

Petition that Rodriguez withheld material information from the police, even though this establishes each of the elements at issue.

Rodriguez withheld the fact that she was prepped and primed by Sunglass Hut to identify Murphy as the robber, even though he was innocent. (Ex. 1, ¶¶ 9 & 25). Rodriguez also withheld the fact that she was relying on "error prone facial recognition software and old photographs of Murphy." *Id*. This is critical information that the police needed to know and would have resulted in Murphy not being arrested for a crime he did not commit.

Each of the elements at issue in Plaintiff's malicious prosecution claim can be established by the withholding of material information from the police:

- **Causation (initiated or procured the prosecution):** "[F]ailing to fully and fairly disclose all material information and knowingly providing false information" to law enforcement is relevant to establish the "causation elements of a malicious prosecution claim." *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 519 (Tex. 1997).

- **Probable Cause**: Probable cause does not exist "if the charging party knowingly makes false statements" to authorities or police "or withholds material facts." *Kjellvander v. Citicorp*, 156 F.R.D. 138, 144 (S.D. Tex. 1994); *Smith v. Smith*, 1999 WL 378214, at *4 (N.D. Tex. May 27, 1999), aff'd, 211 F.3d 594 (5th Cir. 2000) ("Probable cause does not exist if the defendant knowingly makes false statements to the prosecuting authority or withholds material facts.").

- **Malice**: "[T]endering false information, or deliberately concealing or deliberately failing to disclose exculpatory information, can give rise to an inference that the defendant acted with malice in initiating or maintaining a prosecution." *Lewis v. Cont'l Airlines, Inc.*, 80 F. Supp. 2d 686, 700 (S.D. Tex. 1999); *Martin v. Thomas*, 973 F.2d 449, 457 (5th Cir.1992).

As evidenced by the fact that Defendant did not address this issue, it is clear that Rodriguez's failure to tell police that she was prepped to identify Murphy by Sunglass Hut is material and exculpatory information. Additionally, her failure to tell police that the reason she identified Murphy was based on facial recognition software, and not her personal recollection, is material and exculpatory information.

Instead of addressing these allegations, Defendant instead argues that "Plaintiff will be unable to prove" the elements of his claim. In making this argument, Defendant does not accurately set forth the proper standard or burden that should be followed in this case. Instead, the "[r]emoving party must prove that there is **absolutely no possibility** that the plaintiff will be able to establish a cause of action against an in-state defendant in state court." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), aff'd, 503 U.S. 131 (1992) (emphasis added). In fact, Defendant has a "heavy burden" to demonstrate that federal subject matter jurisdiction is proper due to the improper joinder of a defendant. *Dobson v. Spriada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *see also Smallwood*, 385 F.3d at 574 ("The

party seeking removal bears a heavy burden of proving that the joinder of the instate party was improper.").

In failing to properly address Rodriguez's withholding of material information from the police, Defendant failed to meet his burden. This alone requires remand to the state court, but there is more.

### III.     Rodriguez's False Statements

In addressing every element of malicious prosecution, Defendant repeatedly states that Rodriguez providing false information "is found nowhere in his Petition." After reviewing Defendant's Response, the decision to remand is simply this: if this Court finds that Plaintiff's Petition alleges that Rodriguez made a false statement to police then this case should be remanded.

In making this determination, this Court is to construe the Petition "in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson,* 566 F.3d 490, 501 (5th Cir. 2009), certified question accepted (May 15, 2009), certified question answered, 345 S.W.3d 18 (Tex. 2010); *VA Elec. Contractors, LLC v. Nat'l Tr. Ins. Co.,* 2021 WL 1857299, at *1 (W.D. Tex. Apr. 19, 2021). All ambiguities must be resolved against removal and in favor of remand. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

Plaintiff's Petition specifically states that Rodriguez did not act reasonably "by informing police that Murphy was a dangerous criminal even though he was innocent". (Plaintiff's Original Petition, ¶ 25). According to this statement, Rodriguez knowingly told

police the false statement that Murphy was a dangerous criminal even though he is not a dangerous criminal. *Id*. Therefore, Rodriguez knowingly told the police a false statement. This sentence establishes that Rodriguez made a false statement without having to draw any inferences and without viewing it in any light. This is the most obvious example, but there is more.

When read all together, Plaintiff's Petition clearly establishes that Rodriguez was prepped by Sunglass Hut's loss prevention to identify Murphy as the person who robbed the Sunglass Hut. Why would she need to be prepped if she was simply going to tell the truth? She was prepped because she "knew, or should have known, that Murphy was innocent of the crime." (Plaintiff's Original Petition, ¶ 25). In drawing all inferences in Plaintiff's favor, Plaintiff's Petition clearly establishes that Rodriguez knew Murphy did not rob the Sunglass Hut but identified him because she was prepped by loss prevention to identify him as the robber.

When looking at the Petition in the light most favorable to Plaintiff, Plaintiff clearly alleges that Rodriguez made a false statement to police and this case should be remanded.

### IV.     **Defendant Relies on the Wrong Pleading Standard**

The reason Defendant argues that Plaintiff failed to properly plead that Rodriguez made a false statement is because Defendant relies on the strict pleading standard set forth in *Twombly* and *Iqbal*. In fact, Defendant's entire basis for why this Court should deny Plaintiff's Motion to Remand is built on this standard:

> Under the federal pleading standard set forth in *Twombly* and *Iqbal*, Plaintiff has not pleaded factual content that allows the Court reasonably to infer that Stites or Rodriguez is liable for any cause of action he has asserted against them. *Coleman*[1], 745 F.3d at 763-64.

This case was filed in state court, not federal court, and Rodriguez is a non-diverse Defendant. To determine whether the plaintiff is unable to establish a cause of action against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. [*Smallwood*, 385 F.3d at] 573. If the complaint survives the analysis, there is generally no improper joinder." *Glidewell v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *3 (N.D. Tex. Aug. 13, 2015)

In *Edwea, Inc. v. Allstate Ins. Co.*, the Honorable Lee H. Rosenthal discussed *Griggs* and *Smallwood*, and detailed why the federal pleading standard set forth in *Twombly* and *Iqbal* does not apply to removal cases alleging improper joinder. *Edwea, Inc. v. Allstate Ins. Co.*, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010). Judge Rosenthal's memorandum and order went through numerous cases and agreed with "the majority of courts that have ruled on this issue." *Id*. Judge Rosenthal ruled that "Neither *Smallwood* nor *Griggs* requires a district court to test the sufficiency of a state court petition under *Twombly* and *Iqbal* in conducting an improper joinder analysis when the state-court

---

[1] *Coleman* is not a removal case; it is a USC 1983 case filed by a prisoner against the prison after slipping in the shower. *See Coleman v. Sweetin*, 745 F.3d 756, 759 (5th Cir. 2014)

pleading standards are more lenient." *Id*. Instead, Judge Rosenthal applied the Texas "fair notice" standard which requires the following: "A court must uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Id*.

Other courts have come to the same conclusion. *See, e.g., Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335 (S.D. Tex. Jan. 20, 2011) ("The issue of improper joinder here is complicated by the substantial difference in pleading standards between Federal and Texas Rules of Civil Procedure. Pleading standards are far more lenient in Texas state court...Because the Original Petition here was pleaded in Texas state court in accordance with the Texas pleading standard, it would be unfair to hold it to the more stringent standard in federal court."); *Myers v. Allstate Texas Lloyd's*, 2011 WL 846083 (E.D. Tex. Mar. 8, 2011) ("Closer consideration of the pleading standards in the context of the improper joinder analysis leads the Court to conclude that the Texas notice pleading requirements should apply").

For the reasons stated in *Edwea*, *Centro Cristiano*, and *Myers*, the Texas pleading standard should govern the improper joinder analysis. Further, the issue of whether Defendant can prove that the Plaintiff has no possibility of proving a claim against Rodriguez must be analyzed pursuant to this standard. This begs the question: if this case was properly removed, why rely on the wrong pleading standard?

Perhaps the reason Defendant relies on the wrong standard is because when applying the Texas fair notice pleading standard, it is clear that Plaintiff's malicious

7

prosecution and false imprisonment claims can "reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Edwea, Inc. v. Allstate Ins. Co.*, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010).

## V. Conclusion

Defendant failed to meet his heavy burden to prove "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Rodriguez. Because Rodriguez is a proper party, remand is required. Therefore, Plaintiff prays this Court grant the Motion to Remand.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES LLP**

By: */s/ Daniel R. Dutko*
   Russell Hardin, Jr.
     State Bar No. 08972800
     Federal I.D. No. 19424
     rhardin@rustyhardin.com
   Daniel R. Dutko
     State Bar No. 24054206
     Federal I.D. No. 753525
     ddutko@rustyhardin.com
   Leah Graham
     State Bar No. 24073454
     Federal I.D. No. 2492848
     lgraham@rustyhardin.com
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR PLAINTIFF HARVEY EUGENE MURPHY, JR.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2024, the foregoing instrument was served on all counsel of record via the Court's electronic service system, pursuant to the Federal Rules of Civil Procedure.

                                          */s/ Daniel Dutko*
                                          Daniel R. Dutko