IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVEY EUGENE MURPHY, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| ESSILORLUXOTTICA USA INC., | § | C.A. NO. 4:24-cv-00801 |
| LUXOTTICA OF AMERICA INC., | § | (Removed from the 125th Judicial |
| LUXOTTICA RETAIL NORTH | § | District Court of Harris County, |
| AMERICA INC., MACY'S, INC., | § | Texas, Cause No. 2024-03265) |
| KIMCO REALTY CORPORATION, | § | |
| THOMAS STITES, GREYSI NAYELI | § | |
| RODRIGUEZ BONILLA, and | § | |
| ANTHONY PFLEGER, | § | |
| | § | |
| *Defendants*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

**1.     State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel or self-represented litigant who attended for each party.**

The Rule 26(f) conference was held by telephone, videoconference and/or email exchange of drafts on or about June 24-26, 2024 and attended by the following counsel:

   a. Daniel Dutko, Counsel for Plaintiff;
   b. Susan Bickley, Counsel for Defendants, EssilorLuxottica USA Inc., Luxottica of America Inc., Luxottica Retail North America Inc., Thomas Stites, Greysi Nayeli Rodriguez Bonilla, and Anthony Pfleger;[1] and
   c. Patrick Stoia, Counsel for Defendant, Kimco Realty Corporation,

Counsel for Defendant, Macy's, Inc., did not participate, as Macy's, Inc. has not yet appeared, and was not served until after the removal of this lawsuit to federal court.

---

[1] Defendant maintains that Luxottica Retail North America is not an entity that currently, or at any relevant time, has been in existence.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how the cases are related.**

    There are no other cases related to this one pending in any state or federal court.

3.  **Briefly describe what this case is about.**

    Mr. Murphy has asserted claims of malicious prosecution, false imprisonment, negligence, and gross negligence against Defendants related to his arrest for the January 22, 2022 robbery of a Sunglass Hut store in Houston. Those Defendants that have been served and have answered to date deny Mr. Murphy's allegations against them and have asserted a number of affirmative defenses.

4.  **Identify any issues as to service of process, personal jurisdiction, or venue.**

    Defendant, Macy's, Inc., was served with state court process after the removal of this case to federal court, but there are no issues relating to process, jurisdiction or venue pertaining to the other Defendants.

5.  **Federal jurisdiction.**

    a.  **Specify the allegation of federal jurisdiction.**

        Defendants allege that the Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332 and that Mr. Murphy improperly joined Mr. Stites and Ms. Rodriguez as Defendants.

    b.  **Identify the parties, if any, who disagree with the federal jurisdictional allegations, and state their reasons.**

        Mr. Murphy filed a Motion to Remand this action to state court, which is currently pending, outlining his position.

    c.  **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.** *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, **965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

        No party is a limited liability entity.

**6.    List anticipated additional parties that should be included, and by whom they are wanted.**

None at this time.

**7.    List anticipated interventions.**

None.

**8.    Describe class-action or collective-action issues**.

None.

**9.    State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

No party has made its initial disclosures; however, the parties anticipate initial disclosures will be made by August 15, 2024.

**10.   If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

Defendants agree to submitting the fees issue to the Court.

**11.   Describe the proposed agreed discovery plan, including:**

**a.    Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

**(1)   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties do not anticipate that any change should be made to the timing, form or requirement for disclosures and have agreed to make initial disclosures by August 15, 2024.

**(2)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties anticipate discovery concerning the claims made by Plaintiff and the defenses asserted by Defendants, but do not believe that discovery needs to proceed in phases or be limited to particular issues.

**(3)** **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

There are no issues at this time; however, in any production, the parties agree to produce electronically stored information in native format, portable document format (PDF), or single-page searchable Adobe Tagged Image File Format (TIFF). For documents converted to PDF or TIFF, the parties agree to maintain associated metadata.

**(4)** **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

(a) With regard to the inadvertent production of privileged materials, the parties agree that if a producing party realizes it has inadvertently produced or disclosed information, materials, documents, or things it considers to be privileged, it may notify the receiving party of the inadvertent production or disclosure and of the claim of privilege and the basis for it. The producing party's production or disclosure of such information, material, document, or thing shall not constitute a waiver or impairment of any claim of privilege relating thereto or a waiver or impairment as to any claim of privilege relating to the subject matter thereof. The mere fact that information, materials, documents, or things were produced or disclosed shall not in and of itself be evidence of a lack of inadvertence in the production or disclosure.

(b) Within three (3) business days after receipt of a notice that information, materials, documents, or things containing or constituting privileged information have been produced or disclosed as set forth in the paragraph above, the receiving party shall return all originals of the affected information, material, document or thing (including the media on which it

was produced), and destroy any copies made by the receiving party. This destruction obligation shall apply even if the receiving party disputes the underlying claim of privilege. The producing party shall thereupon promptly provide a replacement copy of the affected production and supplement its privilege log to reflect the new privilege claim. To the extent that the produced or disclosed item(s) have already been disclosed, used, or described in other materials or documents, generated or maintained by a receiving party, the receiving party shall take all reasonable steps promptly to retrieve such documents or disclosures until the privilege claim has been resolved. A receiving party's return of allegedly privileged materials is without prejudice to its right to seek a judicial determination of the producing party's privilege claim.

(c) The parties agree that any of them may approach the Court to request that the Court reflect this agreement in the form of an order.

**(5) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties agree that they do not need to make any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure. The parties agree that if one of them believes that a change should be made, they first will attempt to agree on such change by consulting the other parties and only if they cannot reach an agreement will they seek intervention from the Court.

**(6) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None.

b. **Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

None other than the pending Motion to Remand.

12. **Experts.**

    a. **Are experts needed on issues other than attorneys' fees?**

    Yes.

    b. **If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

    This is unknown at this time.

    c. **The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

    Mr. Murphy intends to designate experts and provide any required expert reports on or before February 12, 2025.

    d. **The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).**

    Defendants intend to designate experts and provide any required expert reports on or before March 14, 2025.

13. **State the date discovery can reasonably be completed.**

    The parties agree that discovery can be completed on or before April 20, 2025.

14. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties are agreed on the discovery plan.

15. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

16. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

    At this time, the parties do not believe that they will be able to resolve the case without first engaging in discovery.

17. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

    In the event that alternative dispute resolution is desirable in the future, the parties agree that mediation is the technique that would be appropriate.

18. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.**

    The parties have not mutually agreed to trial before Magistrate Judge Edison.

19. **State whether a jury demand has been made and if it was made on time.**

    A jury demand has been timely made by Mr. Murphy, EssilorLuxottica USA, Inc., Luxottica of America Inc., Luxottica Retail North America Inc., Thomas Stites, Greysi Nayeli Rodriguez Bonilla, and Anthony Pfleger.

20. **Specify the number of hours it will likely take to present the evidence.**

    At present, the parties estimate it will take 30-40 hours to present the evidence in this case, which is approximately between seven and nine trial days.

21. **List pending motions that may be ruled on at the initial pretrial and scheduling conference**.

    Defendants' Motion for Leave to File a Sur-Reply Relating to Plaintiff's Motion to Remand (ECF 20) and Plaintiff's Motion to Remand (ECF 17) are pending before the Court.

22. **List other motions pending**.

    Besides the foregoing two motions, there currently are no other motions pending before the Court.

23. **List issues or matters, including discovery, that should be addressed at the conference.**

    None.

**24.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Mr. Murphy filed his Certificate of Interested Parties on March 20, 2024 (ECF 5).

Defendants EssilorLuxottica USA Inc., Luxottica of America Inc., Luxottica Retail North America Inc., Thomas Stites, Greysi Nayeli Rodriguez Bonilla, and Anthony Pfleger filed their Certificate of Interested Parties on March 20, 2024 (ECF 6).

Defendant Kimco Realty Corporation filed its Certificate of Interested Parties on March 22, 2024 (ECF 11).

| | |
|---|---|
| /s/ Daniel R. Dutko*<br>Counsel for Plaintiff,<br>Harvey Eugene Murphy, Jr. | Date: June 28, 2024 |
| /s/ Susan L. Bickley<br>Counsel for Defendants,<br>EssilorLuxottica USA Inc., Luxottica<br>of America Inc., Luxottica Retail<br>North America, Inc., Thomas Stites,<br>Greysi Nayeli Rodriguez Bonilla, and<br>Anthony Pfleger | Date: June 28, 2024 |
| /s/ Patrick J. Stoia*<br>Counsel for Defendant,<br>Kimco Realty Corporation | Date: June 28, 2024 |

*Signed with permission to SLB