United States District Court
Southern District of Texas
**ENTERED**
July 18, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HARVEY EUGENE MURPHY, JR., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-00801 |
| | § | |
| ESSILORLUXOTTICA USA INC., | § | |
| *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me is a Motion to Remand filed by Plaintiff Harvey Eugene Murphy, Jr. ("Murphy"). *See* Dkt. 17. For the reasons discussed below, I recommend the motion be **GRANTED** and this case returned to state court.

## BACKGROUND

Murphy, a citizen of Texas, sued Defendants EssilorLuxottica USA Inc. ("EssilorLuxottica"), Luxottica of America Inc., Luxottica Retail North America Inc., Thomas Stites ("Stites"), Greysi Nayeli Rodriguez Bonilla ("Rodriguez"), Anthony Pfleger ("Pfleger"), Macy's, Inc., and Kimco Realty Corporation (collectively, "Defendants") in the 125th Judicial District Court of Harris County, Texas, for malicious prosecution, false imprisonment, negligence, and gross negligence.

Murphy's case, in a nutshell, is this: he was allegedly beaten and gang-raped after being held in jail on charges that he robbed a Sunglass Hut on a date when he was 2,000 miles away. According to Murphy's state court petition, Pfleger, the head of loss prevention for EssilorLuxottica (Sunglass Hut's parent company), allegedly convinced police that artificial intelligence and facial recognition software identified Murphy as the culprit. Murphy also claims that EssilorLuxottica "prepped" and "primed" Rodriguez, a Sunglass Hut employee, to identify Murphy as the robber in a photo lineup, which she did, leading to a warrant for Murphy's arrest. Dkt. 1-4 at 6.

Pfleger, a citizen of Florida, removed the case to federal court on the basis of improper joinder, contending that Murphy improperly joined Stites, another Sunglass

Hut employee, and Rodriguez—both citizens of Texas—"solely to defeat diversity jurisdiction." Dkt. 1 at 2.[1] Pfleger contends that Stites and Rodriguez are improperly joined because Murphy cannot establish any cause of action against them. Murphy has moved to remand, arguing that he has stated a claim against Rodriguez for malicious prosecution and/or false imprisonment.[2]

## LEGAL STANDARD

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005). When a "plaintiff improperly joins a non-diverse defendant, . . . the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Because Pfleger has not alleged actual fraud in Murphy's pleading of jurisdictional facts, I will consider only the latter method for determining improper joinder. In that situation, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There are two ways to make this determination.

The first option is to "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* The second path is suitable for

---

[1] The corporate defendants are citizens of Delaware, New York, Ohio, and Maryland. *See* Dkt. 1 at 2.

[2] Murphy abandoned his claims against Stites in his Motion to Remand, along with his negligence claims against Rodriguez.

cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* In those cases, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry," considering summary judgment-type evidence such as affidavits and deposition testimony. *Id.* "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74. "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12. In determining whether a defendant has been improperly joined, a district court may exercise its discretion to employ either a Rule 12(b)(6)-type inquiry or a summary inquiry, "but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 207 (5th Cir. 2016).

Pfleger bears a "heavy burden" of proving improper joinder. *Smallwood*, 385 F.3d at 576. Because federal courts are courts of limited jurisdiction, removal statutes are "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Accordingly, in deciding whether a party has been improperly joined, I must "resolve all contested factual issues and ambiguities of state law in [Murphy's] favor." *Id.* at 281. Furthermore, "the existence of even a single valid cause of action against" Rodriguez "requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

## ANALYSIS

I will conduct a Rule 12(b)(6)-type analysis of Murphy's malicious prosecution claim against Rodriguez to determine whether Rodriguez was improperly joined. When performing a Rule 12(b)(6)-type analysis, I must determine whether Murphy has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the district court to "draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he central issue is whether, *in the light most favorable to the plaintiff*, the complaint states a valid claim for relief." *Travis*, 326 F.3d at 648 (emphasis added and removed) (quotation omitted).

To state a claim for malicious prosecution, Murphy must allege: (1) a criminal prosecution was commenced against him; (2) Rodriguez initiated or procured the criminal prosecution; (3) the prosecution was terminated in his favor, (4) his innocence; (5) the absence of probable cause for the criminal proceedings; (6) Rodriguez's malice in filing the charge; and (7) damages. *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). Pfleger contends that Murphy "has made no allegation in his pleadings that would establish . . . elements (2), (5), or (6), set forth above, as to Ms. Rodriguez." Dkt. 1 at 5.

The bulk of Pfleger's argument for removal turns on his argument that Murphy has failed to sufficiently allege Rodriguez made a false statement to police.[3] I concede that the question of whether Murphy has stated a claim against Rodriguez is a close call. Even so, the liberality with which I must construe Murphy's pleadings, coupled with Pfleger's heavy burden to establish improper joinder, tip the scales in favor of remand.

Put simply, if this were a motion to dismiss, I would deny it. Pfleger complains that Murphy does not specifically state in his state court petition that "Rodriguez <u>knowingly</u> provided law enforcement with false information about [Murphy's]

---

[3] To satisfy elements 2, 5, and 6 of a malicious prosecution claim, Murphy must allege that Rodriguez knew that she provided false information to the authorities. *See Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 293 (Tex. 1994) ("A person does not procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, unless the person provides information which he knows is false." (quotation omitted)) (element 2); *Kjellvander v. Citicorp*, 156 F.R.D. 138, 144 (S.D. Tex. 1994) (probable cause does not exist "if the charging party knowingly makes false statements" to law enforcement "or withholds material facts") (element 5); *Hayter v. City of Mount Vernon*, 154 F.3d 269, 275 (5th Cir. 1998) ("Under Texas law, malice may be inferred from the lack of probable cause or from a finding that the defendant acted in reckless disregard of the other person's rights.") (element 6).

culpability." Dkt. 18 at 13. Although Murphy's Original Petition does not contain those exact words, the clear import of Murphy's lawsuit is that Rodriguez falsely represented to law enforcement that she recognized Murphy as the person who robbed the Sunglass Hut. Indeed, Murphy alleges that Rodriguez picked Murphy out of a line-up only after being "prepped" and "primed to identify Murphy as the robber" despite "not hav[ing] the facts . . . that Murphy was guilty of a crime." Dkt. 1-4 at 6, 9. That is enough at the pleading stage to allege the knowledge requirement of a malicious prosecution claim. Because I cannot say that Murphy has no possibility of recovery against Rodriguez on the malicious prosecution claim, this court lacks subject matter jurisdiction and this case must be remanded to state court.[4]

## CONCLUSION

For the reasons discussed above, I recommend Murphy's Motion to Remand (Dkt. 17) be **GRANTED** and this matter be **REMANDED** to the 125th Judicial District Court of Harris County, Texas.[5]

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 18th day of July 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[4] Because I have found that Murphy has sufficiently stated a claim for malicious prosecution against Rodriguez, I need not address the sufficiency of the false imprisonment claim.

[5] If Stites and Rodriguez are, for whatever reason, dismissed from this action, the remaining diverse Defendants may remove to federal district court again. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand.").