IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVEY EUGENE MURPHY, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:24-cv- |
| ESSILORLUXOTTICA USA INC., | § | 00801 |
| LUXOTTICA OF AMERICA INC., | § | (Removed from the 125th Judicial |
| LUXOTTICA RETAIL NORTH | § | District Court of Harris County, |
| AMERICA INC., MACY'S, INC., | § | Texas, Cause No. 2024-03265) |
| KIMCO REALTY CORPORATION, | § | |
| THOMAS STITES, GREYSI NAYELI | § | |
| RODRIGUEZ BONILLA, and | § | |
| ANTHONY PFLEGER, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' AMENDED OBJECTIONS TO
## MEMORANDUM AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b)(2), Defendants, EssilorLuxottica USA Inc., Luxottica of America Inc. f/k/a Luxottica Retail North America Inc., Thomas Stites ("Stites"), Greysi Nayeli Rodriguez Bonilla ("Rodriguez"), and Anthony Pfleger ("Pfleger") (collectively, "Defendants") file these amended objections to Magistrate Judge Edison's July 18, 2024 Memorandum and Recommendation (Dkt. 26).

## I.
### INTRODUCTION

Defendants respectfully seek the Court's *de novo* review of the Memorandum and Recommendation issued in connection with Plaintiff's Motion to Remand due to the significance of the legal questions at issue, which the Memorandum and Recommendation itself describes as presenting a very "close call." Defendant's objections to the

Memorandum and Recommendation should be sustained because:

A.  For critical societal reasons, Texas law has drawn, and strictly enforces, a bright line—there is no cause of action for malicious prosecution against a citizen who reports criminal conduct unless such person <u>knowingly</u> and maliciously provided false information to law enforcement.[1] This is the very aspect of Plaintiff's pleadings that is lacking.

B.  Under the *Twombly* well-pleaded complaint standards, Plaintiff was required to plead facts plausibly demonstrating that Rodriquez <u>knowingly</u> provided false information to law enforcement when she identified Plaintiff in a photo lineup. Plaintiff failed to do so, and the Memorandum and Recommendations mistakenly used an analysis rejected under *Twombly* in an attempt to fill in this gap.

C.  A proper analysis of the sufficiency of Plaintiff's pleadings against Rodriquez—the sole remaining non-diverse Defendant—under the *Twombly* standard would have resulted in a dismissal of the malicious prosecution and false arrest claims against her.

Accordingly, Defendants respectfully request that the Court sustain their objections to the Memorandum and Recommendation.

## II.
### PROCEDURAL BACKGROUND

Plaintiff Harvey Eugene Murphy, Jr. ("Plaintiff") sued seven Defendants in Texas state court for malicious prosecution, false imprisonment, negligence, and gross negligence growing out of his arrest for the armed robbery of a Sunglass Hut store in the River Oaks Shopping Center. On March 4, 2022, Defendant Pfleger timely removed the action to this Court asserting federal diversity jurisdiction based on Plaintiff's improper joinder of the

---

[1]  The Texas Supreme Court jealously guards this boundary line, proclaiming in such cases, "there is little room for error in applying the law. Even a small departure from the exact prerequisites for liability may threaten the delicate balance between protecting against wrongful prosecution and encouraging reporting of criminal conduct." *Browning-Ferris Indus. v. Lieck*, 881 S.W.2d 288, 291 (Tex. 1994).

two Sunglass Hut employees who were in the store at the time of the robbery, Defendants Stites and Rodriguez, both citizens of Texas.  On April 26, 2024, Plaintiff filed a motion to remand this case to state court to which Defendants responded.[2]

Defendants maintain that Stites' and Rodriguez's non-diverse citizenship may be properly ignored for purposes of evaluating the Court's jurisdiction under 28 U.S.C. § 1332 because (1) Plaintiff did not plead "enough facts to state a claim to relief that is plausible on its face" against either of them,[3] and (2) Defendant's unchallenged submissions filed with his notice of removal demonstrate that Plaintiff cannot establish an essential element of his claim, the absence of probable cause for Plaintiff's arrest.

The Memorandum and Recommendation correctly notes that when Plaintiff filed his motion to remand, he abandoned all his claims against Stites as well as all of his negligence and gross negligence claims against Rodriguez.[4]   The question at issue, therefore, has been narrowed down to whether Plaintiff pleaded sufficient facts under the *Twombly* standard with respect to either of his two remaining claims (malicious prosecution and false imprisonment) against the last remaining in-state defendant (Rodriguez). *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

---

[2]   Defendants extensively briefed the relevant issues in their Response to Motion to Remand (Dkt. 18) and Sur Reply (Dkt. 20, 27), which they incorporate by reference herein for all purposes.

[3]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007).

[4]   *See* Memorandum and Recommendation (Dkt. 26) at 2 n.2 ("[Plaintiff] abandoned his claims against Stites in his Motion to Remand, along with his negligence claims against Rodriguez.").

3

The Memorandum and Recommendation suggests that "the question of whether [Plaintiff] has stated a claim against Rodriguez is a close call," and concedes that Plaintiff's Petition never actually pleaded that Rodriquez knowingly made a false identification of Plaintiff.[5]   Respectfully, Defendants do not feel that the question is close. Plaintiff failed to state a claim against Rodriquez.  The Memorandum and Recommendation relies on the allegation that Rodriquez supposedly was "prepped" and "primed" by her employer, as providing a sufficient basis to find that Rodriguez <u>knowingly</u> made a false identification of Plaintiff and/or did so with malice. But those allegations, even if true, which Defendants deny, are legally insufficient to support findings that Rodriquez knowingly made a false identification of Plaintiff or that she did so with malice. Even assuming Rodriguez made an incorrect identification of Plaintiff after she was "prepped" or "primed to identify Murphy as the robber,"[6] such allegations fall woefully short of a factual claim that Rodriquez knowingly made a false identification of Murphy or did so with malice because a "prepped" identification could still have been made with innocent intent. While the Memorandum and Recommendation acknowledges that Plaintiff has not used the "exact words" that "Rodriguez <u>knowingly</u> provided law enforcement with false information," the problem is that Plaintiff does not allege either the conclusion or more importantly, the *facts*

---

[5]   In fact, the Memorandum and Recommendation tips the balance in favor of remanding the case based on the heavy burden of proving improper joinder. *See id.* at 4–5.

[6]   It is not entirely clear how Rodriguez' employer supposedly "prepped" and "primed" her to identify Murphy in a photo lineup because Plaintiff pled only that "prepping" or "priming" occurred, without any allegation or even suggestion that Rodriguez' employer "prepped" her to knowingly and falsely identify the wrong person.  That is what *Twombly* and *Iqbal* plainly require.

from which that conclusion could be reached, as required by *Twombly*. Even reading Plaintiff's pleadings most liberally, Plaintiff has made no allegation of knowing conduct by Rodriguez, and for this reason he cannot possibly establish a malicious prosecution cause of action against her.

Defendants also respectfully object to the Magistrate Judge's failure to analyze and accept the unchallenged fact of Plaintiff's indictment by a duly appointed grand jury given that Defendant asserted this without contradiction in his notice of removal and attached a self-proving certified copy of the Felony Grand Jury Indictment. The Memorandum and Recommendation ignored this critical allegation and evidence. Additionally, Defendants object to the failure to evaluate Plaintiff's false imprisonment claim and find that Plaintiff failed to plead facts sufficient to state a claim.

Defendants respectfully request that the Court sustain their objections, reject the Magistrate Judge's findings and recommendations, and either: (a) deny Plaintiff's motion to remand for the reasons stated herein; or (b) recommit the matter to the Magistrate Judge for further consideration with instructions.

## III.
### STANDARD OF REVIEW

A party may file written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Thereafter the Court shall conduct a *de novo* review of the portions of the magistrate judge's report to which objections were made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* The

Court also may receive further evidence or may recommit the matter to the magistrate judge with additional instructions.  *Id.*

**IV.**
**OBJECTIONS**

1. **Defendants object to the Magistrate Judge's finding that Plaintiff pleaded facts sufficient under the *Twombly* standard to establish that Rodriguez knowingly provided false information to law enforcement.**

The Magistrate Judge properly observed in the Memorandum and Recommendations that making a *prima facie* case requires Plaintiff to "allege that Rodriguez <u>knew</u> that she provided false information to the authorities."[7]  It is Plaintiff's burden to plead facts that plausibly establish: (1) a criminal prosecution was commenced against him, (2) <u>Rodriguez caused the criminal prosecution against him by either "initiating" or "procuring" it</u>, (3) the prosecution was terminated in his favor, (4) his innocence, (5) <u>the absence of probable cause for the criminal proceedings</u>, (6) <u>Rodriguez's malice in filing the charge</u>, and (7) damages.  *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517-18 (Tex. 1997). Specifically, such knowing conduct is required to show that Rodriguez caused (initiated or procured) the criminal prosecution against Plaintiff, that probable cause for the criminal proceedings was lacking, and that Rodriguez acted with malice.[8]

---

7    *Id.* at 4 n.3 (emphasis added).

8    *Id*.

6

Conceding "that the question of whether [Plaintiff] has stated a [malicious prosecution] claim against Rodriguez is a close call,"[9] and that Plaintiff's Original Petition does not specifically allege that Rodriguez knowingly provided law enforcement with false information,[10] the Memorandum and Recommendation nevertheless concludes that "the clear import of [Plaintiff's] lawsuit is that Rodriguez falsely represented to law enforcement that she recognized [Plaintiff] as the person who robbed the Sunglass Hut."[11] The Magistrate Judge determined that Plaintiff's allegation that "Rodriguez picked [Plaintiff] out of a line-up only after being 'prepped' and 'primed to identify [Plaintiff] as the robber' despite 'not hav[ing] the facts . . . that [Plaintiff] was guilty of a crime'" was "enough at the pleading stage to allege the knowledge requirement of a malicious prosecution claim."[12]

Defendants respectfully disagree for several reasons.  First, it is improper in a Rule 12(b)(6)-type analysis to look anywhere other than the face of Plaintiff's pleadings to make a finding about "the clear import" of Plaintiff's lawsuit.[13]   Rather, looking only to

---

[9]   *Id.* at 4.

[10]   *Id.* at 5.

[11]   *Id.*

[12]   *Id.*

[13]   *See Reed v. City of Tex. City*, 161 F. Supp. 3d 474, 477 (S.D. Tex. 2015) (Hanks, J.) (citing FED. R. CIV. P. 12(b)(6); FED R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (emphasis added) ("Rule 12(b)(6) allows dismissal of an action whenever the complaint, **on its face**, 'fail[s] to state a claim upon which relief can be granted.'" Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.' '[A] plaintiff's obligation to provide the

Plaintiff's pleadings and accepting them as true, the Court must determine whether Plaintiff has pleaded facts sufficient to support a malicious prosecution claim against Rodriguez individually. As noted in the Memorandum and Recommendation, the only way Plaintiff can sustain such a claim is by alleging Rodriquez knowingly provided false information. However, in this case, Plaintiff does not even make a "formulaic recitation of the elements of a cause of action." There is no allegation of knowing conduct on the part of Rodriguez.

Second, allegations against defendants collectively must be disregarded under *Twombly*, but the Memorandum and Recommendation actually relies on a collective allegation. The Petition alleges that unspecified "Defendants did not have the facts or circumstances that would create a belief in a reasonable person, acting on the facts in their knowledge, that Murphy was guilty of a crime."[14] The Memorandum and Recommendation wrongly cites to this allegation as providing support for finding that Plaintiff has sufficiently pleaded that Rodriguez knowingly provided false information to the police.[15]

But under a proper *Twombly* analysis, this collective allegation against Defendants generally cannot be legally imputed to Rodriguez individually when conducting a Rule 12(b)(6) analysis. Plaintiff did not make this allegation against Rodriguez individually or specifically, but instead, alleged this conduct against unspecified Defendants generally and such collection of Defendants may not include Rodriquez. "Courts within and outside of

---

'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'").

[14]   Petition, ¶ 22 (emphasis added).

[15]   Memorandum and Recommendation (Dkt. 26) at 5.

the Fifth Circuit have dismissed claims that fail to allege specific acts for specific litigants, and instead assert allegations against 'defendants' generally." *Sebastiani v. Bexar Cty. Hosp. Dist.*, No. SA-20-CV-01093-OLG, 2021 WL 11710301, 2021 U.S. Dist. LEXIS 267940, at *28 (W.D. Tex. Sept. 21, 2021) (*citing Cain v. City of New Orleans*, No. 15-cv-4479, 2016 WL 2894978, at *5-6 (E.D. La. May 13, 2016) (stating that a court should "disregard[ ] bare assertions of [a defendant's] collective responsibility, unsupported by concrete factual allegations); *Petri v. Kestrel Oil & Gas Props., L.P.,* No. H-09-3994, 2011 WL 2181316, at *7 (S.D. Tex. June 3, 2011) (finding that defendants were entitled to "factual pleading distinguishing plausible claims against each Defendant individually"); *Zola H. v. Snyder,* No. 12-14073, 2013 WL 4718343, at *7 (E.D. Mich. Sept. 3, 2013) (dismissing claim where plaintiffs failed to "impute concrete acts to specific litigants")). Plaintiff "cannot simply 'lump' all the defendants together and allege that the purported acts of every defendant can be imputed to every other defendant' for purposes of establishing jurisdiction over non-resident defendants." *Firefighters' Ret. Sys. v. Citgo Grp. Ltd.*, No. 13-cv-373-SDD-EWD, 2016 U.S. Dist. LEXIS 135578, at *24 (M.D. La. Sept. 30, 2016); *see also Austin Legal Video, LLC v. Deposition Sols.,* LLC, No. 1:23-cv-00421-DAE, 2024 U.S. Dist. LEXIS, at *13 (W.D. Tex. July 19, 2024) ("It is fundamental to pleading in the post-*Twombly* era that before a defendant is forced to be held to account for conduct . . . that the pleader inform the defendant what it is alleged to have done. It is not sufficient for the plaintiff to allege that a group has done something wrong unless the allegations give reason to believe that the defendant, as a member of the group, also has committed the wrong.").

9

Without a single allegation of knowing conduct against Rodriguez specifically, Plaintiff has not sufficiently pleaded three *prima facie* elements of malicious prosecution— causation, absence of probable cause, and malice—he cannot possibly recover against Rodriguez for malicious prosecution, her joinder to this lawsuit was improper, her Texas citizenship does not preclude this Court's subject matter jurisdiction, and remand should be denied. Even under a liberal reading, Plaintiff has made no allegation that Rodriguez acted knowingly.[16] While the Petition claims that Rodriguez was "prepped" and "primed to identify" Plaintiff, that is not the same as alleging that Rodriguez knowingly made a false misidentification of him.[17]

Moreover, as here, "when the decision to prosecute is within another's discretion," such as law enforcement or a grand jury, "proof that a complainant has knowingly furnished false information is *necessary* for liability." *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003) (per curiam) (emphasis in original). "But such proof is not *sufficient*." *Id.* (emphasis in original).

> *Lieck* also requires proof that the false information "caused a criminal prosecution." In other words, there must be proof that the prosecutor acted based on the false information and that but for such false information, the decision [to prosecute] would not have been made. . . . Therefore, to recover for malicious prosecution when the decision to prosecute is within another's

---

16  *See Smith v. Wal-Mart Stores, Inc.*, No. 4:17-CV-02579, 2019 WL 5457798, 2019 U.S. Dist. LEXIS 185054, at *12 (S.D. Tex. Oct. 24, 2019) (Hanen, J.) ("Merely providing inaccurate or incomplete information is insufficient to satisfy the procurement prong of malicious prosecution. To be sure, a private citizen's failure to make a full and fair disclosure is not the equivalent of knowingly providing false information.").

17  *See id.*, at *15 (citing *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 509 (Tex. 2002) (declining to find knowing conduct when reporting party "negligently provid[ed] inaccurate or incomplete information to legal authorities")).

10

discretion, the plaintiff has the burden of proving that the decision would not have been made but for the false information supplied by the defendant.

*Id.,* at 76, 78 (emphasis added).

Plaintiff's pleadings do not allege that the decision to arrest and prosecute Plaintiff would not have been made but for Rodriquez's knowingly providing false information to law enforcement. For this independent reason, the causation element also is lacking.

**2.      Defendants object to the Magistrate Judge's failure to conduct a summary inquiry to consider the legal effect of Plaintiff's arrest warrant and grand jury indictment.**

When analyzing improper joinder, there are cases in which a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. Such a summary inquiry is appropriate "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.

When he removed this lawsuit to this Court, Defendant Pfleger observed that Plaintiff's Original Petition omitted the discrete fact of his grand jury indictment, and Pfleger attached a certified copy of the indictment to his notice of removal.[18] Regardless of Plaintiff's ability otherwise to state a claim for malicious prosecution against Rodriguez, the fact of his grand jury indictment establishes probable cause for the criminal proceedings that proceeded against him, as a matter of law. *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex.

---

[18]   *See* Defendant Anthony Pfleger's Notice of Removal (Dkt. 1), ¶¶ 18, 18 n.4; Certified Copy of Felony Indictment of Plaintiff (6/16/22) (Dkt. 1-2).

Crim. App. 1980) ("The return of an indictment establishes probable cause as a matter of law."); *Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim. App. 1977); *Murphee v. Hanson,* No. 06-96-00093-CV, 1997 Tex. App. LEXIS 4172, at *16 (Tex. App.—Texarkana July 23, 1997, no writ) (in malicious prosecution case, indictments returned by grand jury on each charge for which plaintiff was arrested established probable cause as a matter of law).[19]

Respectfully, the Magistrate Judge should have exercised discretion to pierce Plaintiff's pleadings to consider the existence of the grand jury indictment, a fact alleged in the notice of removal and unchallenged by Plaintiff. The Fifth Circuit has held that a defendant's submitted evidence should be considered if it can "clarify or amplify the claims actually alleged in the [petition]." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999). The grand jury indictment "clarifies" the circumstances of Murphy's arrest because it shows that a grand jury found there was probable cause for it.

Because the indictment precludes Plaintiff from proving an essential element of his malicious prosecution case as a matter of law (*i.e.*, an absence of probable cause),[20] this inquiry is essential in determining that Plaintiff has no possible recovery against Rodriguez

---

[19] *See also Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) (quoting *Ex parte United States*, 287 U.S. 241, 250 (1932)) ("[A]n indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry."); *Campbell v. City of San Antonio*, 43 F.3d 973, 976 (5th Cir. 1995) (quoting *Giordenello v. United States*, 357 U.S. 480, 487 (1958)) ("A warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged.").

[20] *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997) (requiring a malicious prosecution plaintiff to prove the absence of probable cause for the criminal proceedings).

under a malicious prosecution theory. And, because he will be unable to prove an absence of probable cause as a matter of law, Plaintiff cannot possibly recover against Rodriguez for malicious prosecution, her joinder to this lawsuit was improper, her Texas citizenship does not preclude this Court's subject matter jurisdiction, and remand should be denied.

**3.      Defendants object that the Memorandum and Recommendation ignored unchallenged factual allegations in Defendant's notice of removal, including that Plaintiff was arrested after a properly constituted grand jury found probable cause existed for Plaintiff's arrest.**

"[A] court cannot resolve the question of fraudulent joinder by refusing to consider the defendants' submissions." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). *See also* 15A MOORE'S FEDERAL PRACTICE - CIVIL § 102.21 (2024). As stated by the Fifth Circuit, "[f]or fraudulent joinder, the district court . . . <u>must also take into account all unchallenged factual allegations</u>, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). One such unchallenged factual allegation that formed a basis for Defendant's removal was the fact that Plaintiff was arrested only after a duly empaneled grand jury indicted him, as reflected by the certified copy of the indictment attached to, and discussed in, the notice of removal. Viewed in a light most favorable to Plaintiff, the grand jury indictment establishes probable cause existed for his arrest, which causes both his malicious prosecution and false arrest claims to fail.

**4.      Defendants object to the Magistrate Judge's failure to analyze Plaintiff's false imprisonment claim against Rodriguez.**

Through a Rule 12(b)(6)-type analysis, the Magistrate Judge determined that Plaintiff "sufficiently stated a claim for malicious prosecution against Rodriguez" and, accordingly, had no need to "address the sufficiency of the false imprisonment claim."[21] However, for the reasons stated above, it is not possible for Plaintiff to establish a malicious prosecution cause of action against Rodriguez, making it necessary for the Court to evaluate Plaintiff's false imprisonment claim to determine whether remand is appropriate.

To state a claim for false imprisonment, it was Plaintiff's burden to plead facts plausibly establishing: "(1) willful detention; (2) without consent; and (3) without authority of law." *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). Plaintiff has failed to plead facts in his Petition to support at least two elements of false imprisonment: (1) willful detention, and (3) without authority of law.

Proving that willful detention results from an unlawful arrest requires a plaintiff to "show that the defendant clearly directed or requested the arrest":

> [It] is the equivalent, in words or conduct, of "Officer arrest that man!" To hold a third party liable for instigating the detention, then, the act of arrest must be made by the officer, not of his or her own volition, but to carry out the request of the defendant.

*Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 507 (Tex. 2002) (internal quotations omitted).

---

[21]   *See* Memorandum and Recommendation (Dkt. 26) at 5 n.4.

Conversely, "[a] private citizen who merely reports a crime and identifies the suspect to law enforcement authorities has not requested or directed the suspect's arrest, and will not be liable for instigating a subsequent false imprisonment." *Id.* at 507. The reason is clear:

> A citizen has a clear legal right to report criminal misconduct to authorities, and from the mere exercise of this right the law will not permit the inference to be drawn that he "requested or directed" the arrest, though it be conceded that but for its exercise the arrest would never have been made. This is true even when the reporting party mistakenly identifies the wrong person. Further, it is not enough for instigation that the actor has given information to the police about the commission of a crime, or has accused the other of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest, without persuading or influencing them.

*Id.* at 507-08 (emphasis added) (internal quotations omitted).

Plaintiff's pleadings do not allege conduct of the type sufficient to constitute a willful detention under Texas law, and the false imprisonment claim fails for this reason alone. Additionally, however, Defendants respectfully assert that the Magistrate Judge should have again exercised discretion to pierce Plaintiff's pleadings to conduct a summary inquiry into the existence of Plaintiff's grand jury indictment for purposes of analyzing Plaintiff's false imprisonment claim. To succeed on this cause of action against Rodriguez, Plaintiff must prove that he was detained "without authority of law."[22]  However, "detention without authority of law" is lacking when "it is undisputed that [the plaintiff] was detained as a result of a warrant issued for his arrest following his indictment by" a

---

[22]  *See Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985) (requiring a false imprisonment plaintiff to prove "(1) willful detention; (2) without consent; and (3) without authority of law").

grand jury. *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 248 (Tex. App.—Texarkana 1975, writ ref'd n.r.e.).   Here, Plaintiff will be unable to prove that he was detained without authority of law— his arrest was pursuant to an arrest warrant and grand jury indictment.[23] Both elements are absent and Rodriquez's joinder in this lawsuit was improper, her Texas citizenship does not preclude this Court's subject matter jurisdiction, and remand should be denied.

## V.
### CONCLUSION

Accordingly, Defendants respectfully request that the Court sustain their objections, reject the Magistrate Judge's findings and recommendations, and either: (a) deny Plaintiff's motion to remand for the reasons stated herein; or (b) recommit the matter to the Magistrate Judge for further consideration with instructions.

Dated: August 1, 2024

Respectfully submitted,

 */s/ Susan L. Bickley*
Susan L. Bickley
Texas State Bar No. 02298150
Southern District of Texas Bar No. 6869
Email: susan.bickley@blankrome.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS, ESSILORLUXOTTICA USA
INC., LUXOTTICA OF AMERICA INC. F/K/A
LUXOTTICA RETAIL NORTH AMERICA
INC., THOMAS STITES, GREYSI NAYELI
RODRIGUEZ BONILLA,
AND ANTHONY PFLEGER

---

[23]   *See* Defendant Anthony Pfleger's Notice of Removal (Dkt. 1), ¶¶ 19, 19 n.5; Certified Copy of Felony Indictment of Plaintiff (6/16/22) (Dkt. 1-2).

OF COUNSEL:

Robert Scott
Texas State Bar No. 17911800
Southern District of Texas Bar No. 3085
Email: bob.scott@blankrome.com
Neil F. Young
Texas State Bar No. 24121218
Southern District of Texas Bar No. 3635269
Email: neil.young@blankrome.com
BLANK ROME LLP
717 Texas Ave, Suite 1400
Houston, Texas 77002
Tel: (713) 228-6601
Fax: (713) 228-6605

## CERTIFICATE OF SERVICE

I certify that on August 1, 2024, a true and correct copy of the foregoing instrument was served upon the following counsel in compliance with the Federal Rules of Civil Procedure:

Rusty Hardin
Daniel R. Dutko
Leah Graham
Ryan Higgins
RUSTY HARDIN & ASSOCIATES LLP
5 Houston Center
1400 McKinney Street, Suite 2250
Houston, Texas 77010
Tel: (713) 652-9000
rhardin@rustyhardin.com
ddutko@rustyhardin.com
lgraham@rustyhardin.com
rhiggins@rustyhardin.com

ATTORNEYS FOR PLAINTIFF,
HARVEY EUGENE MURPHY JR.

Darrell L. Barger
Patrick J. Stoia
HARTLINE BARGER L.L.P.
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
Tel: (713) 759-1990
dbarger@hartlinebarger.com
pstoia@hartlinebarger.com

ATTORNEYS FOR DEFENDANT,
KIMCO REALTY CORPORATION

*/s/ Susan L. Bickley*
Susan L. Bickley